UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------x

FENDI ADELE S.R.L.,
FENDI S.R.L., AND
FENDI NORTH AMERICA, INC.

                 Plaintiffs,

     v.

ASHLEY REED TRADING, INC., SCOTT
RESSLER AND JAMES RESSLER

           Defendants.

-------------------------------------------------x

# ECF CASE



JUDGE SPRIZZO

Case No. **06** CV **0243**

RECEIVED
JAN 1 2 2006
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

Plaintiffs Fendi Adele S.r.l., Fendi S.r.l. and Fendi North America, Inc. (hereinafter, collectively, "FENDI" or "plaintiffs"), by their attorneys, Pavia & Harcourt LLP, for their complaint against defendants, allege as follows:

### NATURE OF THE ACTION

1.     In this action, FENDI seeks, inter alia, injunctive relief and damages for acts of trademark counterfeiting, false designation of origin and trademark dilution engaged in by defendants in violation of the laws of the United States, and for acts of unfair competition and trademark dilution engaged in by defendants in violation of the laws of the State of New York. FENDI further seeks forfeiture and destruction of articles in defendants' possession that bear counterfeits of FENDI's federally-registered trademarks.

**JURISDICTION AND VENUE**

2.      This action arises under the United States Trademark Act, 15 U.S.C. §§ 1051 *et seq.*  This Court has jurisdiction of the plaintiffs' claims by virtue of 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 & 1338.

3.      Plaintiffs also assert claims of unfair competition under the common law of the State of New York and trademark dilution under Section 368(d) of the General Business Law of the State of New York.  This Court has original jurisdiction over these claims pursuant to 28 U.S.C. § 1338(b).

4.      Venue in this District is founded on 28 U.S.C. § 1391(b).

**THE PARTIES**

5.      Plaintiff Fendi Adele, S.r.l. is a limited liability company organized and existing pursuant to the laws of Italy, with its principal place of business at Via Flaminia 968, Rome, Italy 00189.  Fendi Adele, S.r.l. is the owner of the world famous, federally-registered "FENDI" trademarks and of all other intellectual property rights associated with FENDI branded products.

6.      Plaintiff Fendi S.r.l. is a limited liability company organized and existing pursuant to the laws of Italy, with its principal place of business at Via Flaminia 968, Rome, Italy 00189.  At all relevant times herein, Fendi S.r.l. has been the exclusive world-wide licensee of Fendi Adele S.r.l. for the manufacture and distribution of handbags, shoulder bags, purses, wallets and key chains bearing the "FENDI" trademarks (the "Products"), as well as for luggage and certain other items, all bearing the "FENDI" trademarks.

7.      At all relevant times through December 31, 2003, Fendi Industria S.r.l. was an Italian manufacturing company of the Fendi Group with the same parent company as plaintiffs

Fendi Adele S.r.l., and Fendi S.r.l.   In December, 2003, Fendi Industria S.r.l. was merged into Fendi S.r.l.

8.      Plaintiff Fendi North America, Inc. is a corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business at 720 Fifth Avenue, 5th Floor.  Fendi North America, Inc. is authorized by Fendi S.r.l. to use the "FENDI" trademarks to operate, market, advertise and promote retail stores, operating under the name and trademark "FENDI," including stores located in New York,  New Jersey, California, Florida, Texas, Nevada, Colorado and Hawaii.  At all relevant times herein, Fendi North America, Inc. purchased the Products from Fendi S.r.l. for retail sale in its stores.

9.      Plaintiffs Fendi Adele S.r.l. and Fendi S.r.l. are each wholly-owned subsidiaries of Fendi, S.A., a corporation organized and existing pursuant to the laws of Luxembourg.  The majority shareholder of Fendi, S.A. is LVP BV  a corporation organized and existing pursuant to the laws of the Netherlands.  LVMH Moët Hennessy - Louis Vuitton , S.A., a corporation organized and existing pursuant to the laws of France, owns 100% of LVP BV through a number of wholly-owned subsidiaries.  Plaintiff Fendi North America, Inc. is a wholly-owned subsidiary of Fendi International, S.A., a corporation organized and existing pursuant to the laws of France. LVMH Moët Hennessy - Louis Vuitton , S.A. owns 100% of Fendi International, S.A. through a wholly-owned subsidiary.

10.     Upon information and belief, defendant Ashley Reed Trading, Inc. ("Ashley Reed"), is a corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business at 463 Seventh Avenue, New York, NY 10018.

11.     Defendant Scott Ressler is an individual and, upon information and belief, the president and a principal of Ashley Reed. Scott Ressler maintains an office at 463 Seventh Avenue, New York, NY 10018.

12.     Defendant James Ressler is an individual and, upon information and belief, the vice president and a principal of Ashley Reed.  James Ressler maintains an office at 463 Seventh Avenue, New York, NY 10018.  Ashley Reed, Scott Ressler and James Ressler will be hereinafter collectively referred to as "defendants".

## PLAINTIFFS' FAMOUS TRADEMARKS

13.     Plaintiffs, their affiliated companies, authorized licensees and authorized subcontractors, are engaged in the design, manufacture, marketing, advertising, distribution and sale in interstate and foreign commerce of the Products, as well as fur coats, apparel, luggage, shoes, neckties, scarves, shawls, gloves, glasses, wristwatches, fragrances, home furnishings and other fashion merchandise and accessories, all of which bear one or more of the world-famous "FENDI" trademarks.

14.     The Products and all other items that bear "FENDI" trademarks are designed exclusively by Fendi Adele S.r.l.

15.     The Products are manufactured exclusively by Fendi S.r.l. and its authorized subcontractors in Italy.

16.     Fendi Adele S.r.l. and Fendi S.r.l. maintain stringent quality control standards for the Products and all fashion merchandise and accessories bearing "FENDI" trademarks.

17.     The Products have been sold throughout the United States since 1970 in a limited number of carefully-selected, highly-qualified retail stores and department stores.

18.     The original FENDI company was founded by Edoardo and Adèle Fendi in 1925 in Rome, Italy to manufacture handbags and fur coats.  After the Second World War, Edoardo and Adèle Fendi's daughters, Paola, Anna, Franca, Carla and Alda, who were to become famous as the five Fendi sisters, joined the business, and the FENDI name began its rapid ascent in the fashion world.  In the late 1960s, FENDI developed its world-famous "Double F" trademark and became known for high-fashion furs and innovative handbags.  In the 1970s and '80s, the "Double F," "FENDI" and "FF Fendi" trademarks made the Products instantly recognizable.  In the 1990s, FENDI's "Baguette" and "Croissant" handbags became popular with large numbers of consumers.  Today, FENDI actively develops new merchandise, fabrics, styles and designs, while continuing to offer many items that have become fashion classics.

19.     The Products have been marketed, advertised, distributed, offered for sale and sold throughout the world, including the United States, under the "FENDI" trademarks, including, without limitation, the word FENDI, a trademark consisting of two initial Fs, one facing forward and one in reverse and upside down (hereinafter the "FF Monogram"), and the "FF Fendi" trademark.

20.     FENDI fashion merchandise and accessories are world renowned for their exquisite styling and superior quality of workmanship.  The Products are known for their innovative designs and set a standard for luxury in the relevant product categories.

21.     Because of the superior quality and styling of the fashion merchandise and accessories bearing the "FENDI" trademarks, including the Products, and Fendi's exclusive and extensive use and promotion of the "FENDI" trademarks, the "FENDI" trademarks have

acquired great value and have become well known to the consuming public and trade as identifying and distinguishing FENDI exclusively and uniquely as the source of the merchandise to which the trademarks are applied.  Goods bearing the "FENDI" trademarks have become well-known and prestigious symbols of the highest standard of taste in fashion and of workmanship and materials of uniformly superior quality.

22.    Commencing at least as early as 1972, FENDI adopted one or more of the "FENDI" trademarks for a wide variety of fashion merchandise and accessories including, but not limited to, the Products, luggage, apparel and other related goods, and caused said trademarks to be registered with the United States Patent and Trademark office.

23.    At present FENDI's federal trademark registrations concerning the Products include, without limitation, the following, copies of which are annexed as Exhibit 1:

| REGISTRATION No. | REGISTRATION DATE | MARK | IMAGE |
|---|---|---|---|
| 1,244,466 | 7/5/83 | FENDI | FENDI |
| 1,439,955 | 5/19/87 | FF Monogram Trademark and the FENDI trademark together | FENDI |
| 1,214,472 | 10/26/82 | FF Monogram Trademark | |
| 2,648,256 | 11/12/2002 | FF Monogram Trademark | |
| 2,648,257 | 11/12/2002 | FF Monogram Trademark | |

24.     Each of the above-listed registrations is valid, subsisting and in full force and effect.

25.     Each of the trademarks in the above-listed registrations is in use by FENDI.

26.     The FENDI trademarks under registration numbers 1,214,472; 1,244,466; and 1,439,955 have become incontestable pursuant to 15 U.S.C. § 1065.

27.     The FENDI trademark under registration number 2,648,256 has been used by FENDI in commerce in the United States since before 2000.

28.     The FENDI trademark under registration number 2,648,257 has been used by FENDI in commerce in the United States since before 2000. Long before the above-listed "FENDI" trademark registrations were issued, the "FENDI" name and trademarks had become well known in the United States.

29.     The "FENDI" trademark registrations are in full force and effect, and the trademarks and the goodwill of the business of plaintiffs in connection with which the "FENDI" trademarks are used have never been abandoned.

30.     Plaintiffs intend to continue to preserve and maintain their rights with respect to the "FENDI" trademark registrations and to make use of the "FENDI" trademarks in connection with all aspects of their respective businesses and, in particular, in all aspects of designing, manufacturing, marketing, advertising, promoting, distributing, displaying and selling the Products.

31.     The Products have come to be known by the purchasing public throughout the United States as goods of the highest quality, by reason of their unique style and high quality of workmanship.

32.     Fendi S.r.l. distributes the Products exclusively to retail outlets owned by the Fendi group – in the case of the United States, to Fendi North America, Inc. – and to a limited number of exclusive boutiques and full-service department stores that it has carefully selected in order to ensure that the Products are sold under the best merchandising conditions.

33.     As a result of the prestige and quality that have come to be represented by the "FENDI" trademarks, the "FENDI" trademarks and the goodwill associated therewith have acquired substantial monetary value to FENDI.

34.     FENDI has widely distributed the Products with millions of dollars in sales annually.

35.     By virtue of the wide renown that the "FENDI" trademarks have acquired, FENDI's extensive advertising, its web site, www.fendi.com, the wide geographic distribution of the Products, and the extensive sales of merchandise bearing the "FENDI" trademarks, "FENDI" trademarks have developed a secondary meaning and significance in the minds of the purchasing public, and the Products, as well as the other fashion merchandise and accessories bearing such trademarks, are immediately identified by the purchasing public with FENDI.

**DEFENDANTS' SALES OF COUNTERFEITS OF FENDI 'S PRODUCTS**

36.     Defendants never, at any relevant time herein, purchased any of the Products from FENDI or any entity or person affiliated with, sponsored or approved by FENDI.

37.     Long after FENDI's adoption and use of the "FENDI" trademarks on the Products and other fashion merchandise and accessories, and after FENDI's registration of the "FENDI" trademarks with the United States Patent and Trademark Office, defendants commenced offering for sale and selling handbags, shoulder bags, purses, wallets and key chains (the "Ashley Reed Counterfeits") that imitate the designs of the Products and that bear reproductions, counterfeits, copies or colorable imitations of the "FENDI" trademarks as those trademarks appear on the Products.

38.     Each of the Ashley Reed Counterfeits sold or offered for sale by defendants bears a counterfeit of at least one of the "FENDI" registered trademarks listed above in paragraph 23.

39.     Defendants purchased the Ashley Reed Counterfeits without inquiring of FENDI whether any distributor from which they purchased them was authorized, sponsored or approved by FENDI and without obtaining permission in writing from FENDI to sell the Ashley Reed Counterfeits.

40.     Defendants purchased the Ashley Reed Counterfeits without inquiring of FENDI whether the Ashley Reed Counterfeits were genuine.

### AS AND FOR A FIRST CAUSE OF ACTION
#### (FOR VIOLATION OF 15 U.S.C. §1114
#### AND PURSUANT TO 15 U.S.C. §§1114, 1116, 1117 & 1118
#### FOR AN ACCOUNTING OF DEFENDANTS' PROFITS, DISGORGEMENT OF SAME, DAMAGES, TREBLE DAMAGES, AN INJUNCTION AND DESTRUCTION OF COUNTERFEITS)

41.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 40 above as if fully set forth herein.

42.     Without the consent of FENDI, defendants have used in commerce reproductions, counterfeits, copies or colorable imitations of FENDI's registered trademarks set forth above in

paragraph 23 in connection with the sale and offering for sale of goods on which such use is likely to cause confusion, or to cause mistake, or to deceive.

43.     Upon information and belief, defendants have sold significant quantities of items bearing one or more reproductions, counterfeits, copies or colorable imitations of FENDI's registered trademarks.

44.     Upon information and belief, defendants made sales in the millions of dollars as a result of their conduct described in paragraphs 42-43 above.

45.     Defendants' unlawful conduct caused damage to FENDI.

46.     By reason of the foregoing, defendants have violated 15 U.S.C. §1114(a), and are jointly and severally liable, pursuant to 15 U.S.C. §1117(a):

       a.     To account for their profits and to disgorge same to plaintiffs;

       b.     To compensate plaintiffs for their damages;

       c.     To pay plaintiffs' costs in bringing this action; and,

       d.     To pay plaintiffs' reasonable attorneys' fees.

47.     Defendants' conduct that violated 15 U.S.C. §1114(a), as set forth above, included the intentional use in connection with the sale and offering for sale of goods of counterfeits of FENDI's registered trademarks set forth above in paragraph 23 with knowledge that such marks were counterfeit marks as defined in 15 U.S.C. §1116(d) , and plaintiffs are therefore entitled, pursuant to 15 U.S.C. §1117(b), to relief from defendants jointly and severally as follows:

a.    Three times defendants' profits or plaintiffs' damages, whichever is greater;

b.    Prejudgment interest on the amount assessed pursuant to subparagraph a. *supra* commencing as of the date of the original service of the Complaint herein; and,

c.    Plaintiffs' reasonable attorneys' fees.

48.    Upon information and belief defendants currently possess an inventory of items bearing one or more reproductions, counterfeits, copies or colorable imitations of FENDI's registered trademarks..

49.    But for the filing of this action, defendants will continue to offer for sale and sell the Ashley Reed Counterfeits.

50.    Unless defendants are restrained from continuing their wrongful acts, defendants will resume selling merchandise bearing one or more reproductions, counterfeits, copies or colorable imitations of FENDI's registered trademarks, and the damage to plaintiffs; which is irreparable, will increase.

51.    FENDI has no adequate remedy at law.

52.    Accordingly, in addition to the damages set forth above, FENDI is entitled to permanent injunctive relief pursuant to 15 U.S.C. § 1116(a) to prevent the violation of the rights of the registrant of the trademarks set forth above in paragraph 23.

53.     FENDI is further entitled, pursuant to 15 U.S.C. § 1118, to an Order directing that all items in the possession of defendants bearing reproductions, counterfeits, copies or colorable imitations of plaintiffs' registered marks be delivered up to plaintiffs and destroyed.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(FOR VIOLATION OF 15 U.S.C. §1125(A)**
**AND PURSUANT TO 15 U.S.C. §§1125(A), 1116, 1117 & 1118**
**FOR AN ACCOUNTING OF DEFENDANTS' PROFITS, DISGORGEMENT OF SAME,**
**DAMAGES, TREBLE DAMAGES, AN INJUNCTION AND DESTRUCTION OF**
**COUNTERFEITS)**

54.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 53 above as if fully set forth herein.

55.     Defendants have used in commerce words, names, symbols, devices and false designations of origin, namely, reproductions, counterfeits, copies or colorable imitations of FENDI's registered trademarks set forth above in paragraph 23, that are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval of defendants' goods.

56.     Upon information and belief, defendants have sold significant quantities of items bearing one or more reproductions, counterfeits, copies or colorable imitations of FENDI's registered trademarks.

57.     Upon information and belief, defendants made sales in the millions of dollars as a result of their conduct described in paragraphs 55-56 above.

58.     Defendants' unlawful conduct caused damage to plaintiffs.

59.     By reason of the foregoing, defendants have violated 15 U.S.C. §1125(a), and are jointly and severally liable, pursuant to 15 U.S.C. §1117(a):

            a.     To account for their profits and to disgorge same to plaintiffs;

- 12 -

b.    To compensate plaintiffs for their damages;

c.    To pay plaintiffs' costs in bringing this action; and,

d.    To pay plaintiffs' reasonable attorneys' fees.

60.    Defendants' conduct that violated 15 U.S.C. §1125(a), as set forth above, included the intentional use in connection with the sale and offering for sale of goods of counterfeits of FENDI's registered trademarks set forth above in paragraph 23 with knowledge that such marks were counterfeit marks as defined in 15 U.S.C. §1116(d) , and plaintiffs are therefore entitled, pursuant to 15 U.S.C. §1117(b), to relief from defendants jointly and severally as follows:

a.    Three times defendants' profits or plaintiffs' damages, whichever is greater;

b.    Prejudgment interest on the amount assessed pursuant to subparagraph a. *supra* commencing as of the date of the original service of the Complaint herein;

c.    Plaintiffs' reasonable attorneys' fees.

61.    Upon information and belief, defendants currently possess an inventory of items bearing one or more reproductions, counterfeits, copies or colorable imitations of FENDI's registered trademarks.

62.    But for the filing of this action, defendants will continue to offer for sale and sell the Ashley Reed Counterfeits.

63.    Unless defendants are restrained from continuing their wrongful acts, defendants will resume selling merchandise bearing one or more reproductions, counterfeits, copies or

- 13 -

colorable imitations of FENDI's registered trademarks, and the damage to plaintiffs; which is irreparable, will increase.

64.     FENDI has no adequate remedy at law.

65.     Accordingly, in addition to the damages set forth above, FENDI is entitled to permanent injunctive relief pursuant to 15 U.S.C. § 1116(a) to prevent the violation of 15 U.S.C. § 1125(a).

66.     FENDI is further entitled, pursuant to 15 U.S.C. § 1118, to an Order directing that all items in the possession of defendants bearing reproductions, counterfeits, copies or colorable imitations of plaintiffs' registered marks be delivered up to plaintiffs and destroyed.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(FOR VIOLATION OF 15 U.S.C. §1125(C)**
**AND PURSUANT TO 15 U.S.C. §§1125(C), 1117 & 1118**
**FOR AN ACCOUNTING OF DEFENDANTS' PROFITS, DISGORGEMENT OF SAME,**
**DAMAGES, TREBLE DAMAGES, AN INJUNCTION AND DESTRUCTION OF**
**COUNTERFEITS)**

67.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 66 above as if fully set forth herein.

68.     FENDI's registered trademarks, and each of them, are famous marks.

69.     Defendants used FENDI's famous marks and trade name in commerce after the marks had become famous.

70.     Defendants' use of FENDI's famous marks and trade name in commerce caused dilution of the distinctive quality of FENDI's marks.

71.     Defendants willfully intended to trade on FENDI's reputation.

72.    Upon information and belief, defendants have sold significant quantities of items bearing one or more reproductions, counterfeits, copies or colorable imitations of FENDI's registered trademarks.

73.    Upon information and belief, defendants made sales in the millions of dollars as a result of their conduct described in paragraphs 71-72 above.

74.    Defendants' unlawful conduct caused damage to plaintiffs.

75.    By reason of the foregoing, defendants have violated 15 U.S.C. §1125(c), and are jointly and severally liable, pursuant to 15 U.S.C. §1117(a):

      a.    To account for their profits and to disgorge same to plaintiffs;

      b.    To compensate plaintiffs for their damages;

      c.    To pay plaintiffs' costs in bringing this action; and,

      d.    To pay plaintiffs' reasonable attorneys' fees.

76.    Defendants' conduct that violated 15 U.S.C. §1125(c), as set forth above, included the intentional use in connection with the sale and offering for sale of goods of counterfeits of FENDI's registered trademarks set forth above in paragraph 23 with knowledge that such marks were counterfeit marks as defined in 15 U.S.C. §1116(d), and plaintiffs are therefore entitled, pursuant to 15 U.S.C. §1117(b), to relief from defendants jointly and severally as follows:

      a.    Three times defendants' profits or plaintiffs' damages, whichever is greater;

b.    Prejudgment interest on the amount assessed pursuant to subparagraph a. *supra* commencing as of the date of the original service of the Complaint herein;

c.    Plaintiffs' reasonable attorneys' fees.

77.    Upon information and belief, defendants currently possess an inventory of items bearing one or more reproductions, counterfeits, copies or colorable imitations of FENDI's registered trademarks.

78.    But for the instant lawsuit, defendants will continue to offer for sale and sell the Ashley Reed Counterfeits.

79.    Unless defendants are restrained from continuing their wrongful acts, defendants will resume selling merchandise bearing one or more reproductions, counterfeits, copies or colorable imitations of FENDI's registered trademarks, and the damage to plaintiffs; which is irreparable, will increase.

80.    FENDI has no adequate remedy at law.

81.    Accordingly, in addition to the damages set forth above, FENDI is entitled to permanent injunctive relief pursuant to 15 U.S.C. § 1125(c).

<u>**AS AND FOR A FOURTH CAUSE OF ACTION**</u>
<u>**(FOR COMMON LAW UNFAIR COMPETITION)**</u>

82.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 81 above as if fully set forth herein.

83.    Defendants' sale and offering for sale of handbags, shoulder bags, purses, wallets and key chains bearing counterfeits of FENDI's trademarks constitutes an unlawful

- 16 -

appropriation or interference with FENDI's proprietary rights by defendants, and has caused and will cause damage and irreparable injury to FENDI.

84.     The sale and offering for sale of handbags, shoulder bags, purses, wallets and key chains bearing counterfeits of FENDI's trademarks will lead to the erroneous belief that defendants' merchandise originates with, or is sponsored by, FENDI, thus enabling defendants to misappropriate and unfairly trade upon FENDI's valuable goodwill and reputation.

85.     Defendants' actions will subject FENDI's goodwill and reputation in its trademarks to the hazards and perils of defendants' business activities over which FENDI has no control.

86.     Defendants are unfairly competing with FENDI by palming off their products as emanating from, sponsored by or associated with FENDI.  These actions constitute unfair competition in violation of the common law of the State of New York.

87.     FENDI has no adequate remedy at law, and is suffering irreparable harm and damage as a result of defendants' acts as aforesaid in an amount to be determined at trial.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (FOR VIOLATION OF NEW YORK GENERAL BUSINESS LAW §368(D)

88.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 87 above as if fully set forth herein.

89.     Defendants' conduct is likely to dilute the distinctive quality of the "FENDI" trademarks, which plaintiffs have built up for many years.

90.     Defendants' conduct has enabled defendants to misappropriate and unfairly trade upon FENDI's valuable goodwill and reputation.

91.     Defendants' conduct violates § 368(d) of the General Business Law of New York.

92.     FENDI has no adequate remedy at law, and is suffering irreparable harm and damage as a result of defendants' acts as aforesaid in an amount to be determined at trial.

**WHEREFORE,** plaintiffs respectfully request judgment against defendants jointly and severally:

A. Permanently enjoining defendants, their agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them:

(1)     from selling or offering for sale any item bearing the word "Fendi" or any "FENDI" trademark unless defendants have first obtained written permission from plaintiffs Fendi Adele S.r.l. and Fendi S.r.l.;

(2)     from using in any manner any of the "FENDI" trademarks alone or in combination with any word or words, design or designs, which so resemble each of said trademarks as to be likely to cause confusion, deception or mistake on, or in connection with, the advertising, offering for sale or sale of any product not plaintiffs', or not authorized by FENDI to be sold in connection with each of said marks;

(3)     from selling or passing off or inducing or enabling others to sell or pass off as and for plaintiffs' products, or as and for products produced by plaintiffs, any product not plaintiffs', or not produced under the control or supervision of FENDI and approved by FENDI for sale under any of the "FENDI" trademarks;

(4)      from committing any act that might reasonably cause purchasers to believe that a product sold by defendants is produced or sold under the control or supervision of FENDI, or is sponsored, approved or guaranteed by, or connected with, FENDI;

(5)      from further diluting and infringing the "FENDI" trademarks, and damaging FENDI's goodwill;

(6)      from otherwise competing unfairly with plaintiffs, or any of them, in any manner; and,

(7)      from selling, offering for sale, shipping, delivering, distributing, returning or otherwise disposing of in any manner, products or inventory that bear any of the "FENDI" trademarks but that are not manufactured by, or for, FENDI, nor authorized by FENDI to be sold or offered for sale, and,

B.   Directing defendants to forthwith deliver up to FENDI forthwith for destruction any and all products, including handbags, shoulder bags, purses, wallets and key chains and all related materials, including guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, receptacles, advertising matter, promotional and other materials in the possession of defendants or under their control bearing the "FENDI" marks alone, or in combination with any other word or words, design or designs, or which are used on or in connection with the advertising, offering for sale, or sale of counterfeit products bearing FENDI's marks, or not made under the authorization and control of FENDI.

- 19 -

C.  Directing defendants to supply FENDI with the name and address of each person or entity from whom or from which it has purchased any item bearing the word "Fendi" or any "FENDI" trademark product from January 1, 2000 to the date of defendants' compliance with the Court's Order;

D.  Directing defendants to supply FENDI with the name and address of each person or entity to whom or to which it has sold items bearing the word "Fendi" or any "FENDI" trademark product from January 1, 2000 to the date of defendants' compliance with the Court's Order;

E.  Directing defendants, within thirty (30) days after the service of judgment upon it, with notice of entry thereof, to file with the Court, and serve upon FENDI, a written report under oath setting forth in detail the manner in which defendants have complied with paragraphs A through D *supra*.

F.  Assessing defendants' profits from their unlawful acts herein alleged as defendants' total sales of handbags, shoulder bags, purses, wallets and key chains bearing any one or more of the "FENDI" registered trademarks, less any elements of cost or deductions proved by defendants and allowed by law;

G.  Assessing plaintiffs' damages from defendants' unlawful acts herein alleged.

H.  Pursuant to 15 U.S.C. §1117 (a), directing defendants to pay to plaintiffs all of the profits assessed pursuant to paragraph F. *supra*, together with three times the amount of damages assessed pursuant to paragraph G, *supra*, with prejudgment interest on the foregoing sums;  or,

I.  Pursuant to 15 U.S.C. §1117 (b), in the event that the Court determines that defendants intentionally used a mark knowing that such mark was a counterfeit mark, directing that defendants pay to plaintiffs three times such profits or damages, whichever is higher, together with prejudgment interest on such amount at an annual interest rate established under 26 U.S.C. § 6621(a)(2) commencing as of the date of the service of the complaint herein;

J.  Directing defendants to pay to plaintiffs FENDI's costs in connection with this action;

K.  Directing defendants to pay to plaintiffs FENDI's reasonable attorneys' fees incurred in the prosecution of this action; and,

L.  Granting to plaintiffs such other and further relief as the Court may deem equitable, just and proper.

**PLEASE TAKE NOTICE,** that plaintiffs reserve their right to elect, at any time before final judgment is rendered by this Court, to recover statutory damages pursuant to 15 U.S.C. § 1117(c) instead of actual damages and profits pursuant to 15 U.S.C. § 1117(a).


Dated:  New York, New York
        January 11, 2006

Respectfully submitted,

PAVIA & HARCOURT LLP

By: _____
    Anthony S. Cannatella (AC 6423)

Attorneys for Plaintiffs
600 Madison Avenue
New York, New York 10022
(212) 980-3500

- 21 -

# EXHIBIT 1



1333477

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

June 16, 2005

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,244,466* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM   *July 05, 1983*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM   *July 05, 2003*
*SECTION 8 PARTIAL & 15*
*AMENDMENT/CORRECTION/NEW CERT(SEC7) ISSUED*
CLASS(ES) CANCELLED:
   *INT CL 024*

SAID RECORDS SHOW TITLE TO BE IN:
   *FENDI ADELE S.R.L.*
   *A LIMITED PARTNERSHIP OF ITALY*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

N. WILLIAMS

Certifying Officer

Int. Cls.: 18 and 25

Prior U.S. Cls.: 3, 39 and 41

United States Patent and Trademark Office

New Cert.

Reg. No. 1,244,466

Registered July 5, 1983

OG Date Mar. 9, 2004

## TRADEMARK
## PRINCIPAL REGISTER
## REGISTRATION ASSIGNED

# FENDI

FENDI ADELE S.R.L. (ITALY LIMITED PARTNERSHIP)
VIA FLAMINIA 968
ROME, ITALY
PRIORITY CLAIMED UNDER SEC. 44(D) ON ITALY APPLICATION NO. 33,793C/76, FILED 4-30-1976, REG. NO. 298,959, DATED 12-1-1976.

FOR: TRAVELING LUGGAGE, TRUNKS, PURSES, RUCKSACKS, BRIEF CASES, ATTACHE CASES, WALLETS, KEY CASES, PASSPORT CASES, DRIVING LICENSE CASES, BUSINESS CARD CASES, COSMETIC CASES SOLD EMPTY, SHIRT BAGS, UMBRELLAS, PARASOLS, IN CLASS 18 (U.S. CLS. 3 AND 41).

FOR: FUR COATS, FUR STOLES, FUR JACKETS, RAINCOATS, CLOTH COATS, JACKETS, SKIRTS, BLOUSES, DRESSES, HOSIERY, SHIRTS, TROUSERS, HATS, SCARVES, FOULARDS, GLOVES, TIES, NECKWEAR, SOCKS, STOCKINGS, BELTS, SLEEPWEAR, SWIMWEAR, LINGERIE, SHOES, BOOTS, SLIPPERS, IN CLASS 25 (U.S. CL. 39).

SER. NO. 73-104,748, FILED 10-29-1976.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Mar. 9, 2004.*

DIRECTOR OF THE U.S. PATENT AND TRADEMARK OFFICE

Int. Cls.: 18, 24 and 25

Prior U.S. Cls.: 3, 39, 41 and 42

United States Patent and Trademark Office

Corrected

Reg. No. 1,244,466
Registered July 5, 1983
OG Date Oct. 9, 1990

## TRADEMARK
## PRINCIPAL REGISTER

## FENDI

FENDI PAOLA & S.LLE S.A.S. (ITALY LIMITED PARTNERSHIP)
VIA BORGOGNONA 39
ROME, ITALY 00187

PRIORITY CLAIMED UNDER SEC. 44(D) ON ITALY APPLICATION NO. 33,793 C/76, FILED 4-30-1976, REG. NO. 298,959, DATED 12-1-1976, EXPIRES 4-30-1996.

FOR: TRAVELING LUGGAGE, TRUNKS, PURSES, RUCKSACKS, BRIEF CASES, ATTACHE CASES, WALLETS, KEY CASES, PASSPORT CASES, DRIVING LICENSE CASES, BUSINESS CARD CASES, COSMETIC CASES SOLD EMPTY, SHIRT BAGS, UMBRELLAS, PARASOLS, IN CLASS 18 (U.S. CLS. 3 AND 41).

FOR: BED SHEETS, PILLOW CASES, TABLECLOTHS, CLOTH NAPKINS, HANDKERCHIEFS, IN CLASS 24 (U.S. CL. 42).

FOR: FUR COATS, FUR STOLES, FUR JACKETS, RAINCOATS, CLOTH COATS, JACKETS, SKIRTS, BLOUSES, DRESSES, HOSIERY, SHIRTS, TROUSERS, HATS, SCARVES, FOULARDS, GLOVES, TIES, NECKWEAR, SOCKS, STOCKINGS, BELTS, SLEEPWEAR, SWIMWEAR, LINGERIE, SHOES, BOOTS, SLIPPERS, IN CLASS 25 (U.S. CL. 39).

SER. NO. 73–104,748, FILED 10-29-1976.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Oct. 9, 1990.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cls.: 18, 24 and 25

Prior U.S. Cls.: 3, 39, 41 and 42

Reg. No. 1,244,466

United States Patent and Trademark Office

Registered Jul. 5, 1983

## TRADEMARK
### Principal Register

## FENDI

Fendi S.a.s. di Paola Fendi e Sorelle (limited partnership)
Via Borgognona, 39
Rome, Italy 00187

For: TRAVELING LUGGAGE, TRUNKS, PURSES, RUCKSACKS, BRIEF CASES, ATTACHE CASES, WALLETS, KEY CASES, PASSPORT CASES, DRIVING LICENSE CASES, BUSINESS CARD CASES, COSMETIC CASES SOLD EMPTY, SHIRT BAGS, UMBRELLAS, PARASOLS, in CLASS 18 (U.S. Cls. 3 and 41).

For: BED SHEETS, PILLOW CASES, TABLE-CLOTHS, CLOTH NAPKINS, HANDKER-CHIEFS, in CLASS 24 (U.S. Cl. 42).

For: FUR COATS, FUR STOLES, FUR JACK-ETS, RAINCOATS, CLOTH COATS, JACKETS, SKIRTS, BLOUSES, DRESSES, HOSIERY, SHIRTS, TROUSERS, HATS, SCARVES, FOU-LARDS, GLOVES, TIES, NECKWEAR, SOCKS, STOCKINGS, BELTS, SLEEPWEAR, SWIMWEAR, LINGERIE, SHOES, BOOTS, SLIP-PERS, in CLASS 25 (U.S. Cl. 39).

Priority claimed under Sec. 44(d) on Italy application No. 33,793 C/76, filed Apr. 30, 1976, Reg. No. 298,959, dated Dec. 1, 1976, expires Apr. 30, 1996.

Ser. No. 104,748, filed Oct. 29, 1976.

E. P. HARAB, Examining Attorney



1333477

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

June 16, 2005

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,439,955* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *May 19, 1987*
*SECTION 8 & 15*
*AMENDMENT/CORRECTION/NEW CERT(SEC7) ISSUED*
*LESS GOODS*
SAID RECORDS SHOW TITLE TO BE IN:
  *FENDI ADELE S.R.L.*
  *A LIMITED PARTNERSHIP OF ITALY*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

N.  WILLIAMS

Certifying Officer

Int. Cls.: 18, 24 and 25

Prior U.S. Cls.: 3, 39, 41 and 42

## United States Patent and Trademark Office

Reg. No. 1,439,955
Registered May 19, 1987

### TRADEMARK
### PRINCIPAL REGISTER

# FJ FENDI

FENDI PAOLA E SORELLE S.A.S. (ITALY LIMITED PARTNERSHIP)
39, VIA BORGOGNONA
ROME, ITALY

FOR: ATTACHE-CASES, BACKPACKS, TOTE BAGS, BRIEFCASES, KEY CASES, CREDIT CARD CASES, GARMENT BAG FOR TRAVEL, HANDBAGS, SHOULDER BAGS, LUGGAGE, PASSPORT CASES, BRIEFCASE TYPE PORT-FOLIOS, SUITCASES, TRUNKS FOR TRAVEL-LING AND UMBRELLAS, IN CLASS 18 (U.S. CLS. 3 AND 41).

FOR: BATH LINEN, BED CLOTHES AND LINEN, BEDSPREADS, HANDKERCHIEFS, HOUSEHOLD LINEN, PILLOWCASES, QUILTS, TABLE NAPKINS AND CLOTHS, SILK, WOOLEN, VELVET AND COTTON FABRICS USED IN THE MANUFACTURE OF CLOTH-ING, IN CLASS 24 (U.S. CL. 42).

FOR: BATHING SUITS, BATHROBES, BEACHWEAR, BELTS, BLAZERS, BLOUSES, BLOUSONS, SHOES, BOOTS AND SLIPPERS, CARDIGANS, COATS, FUR COATS, OVER-COATS, DRESSES, GLOVES, GOWNS, HATS AND HEADWEAR, JACKETS, JEANS, JUMP-ERS, RAIN COATS, SCARVES, SHAWLS, SHIRTS, SKIRTS, SLEEPWEAR, STOCKINGS, SUITS, T-SHIRTS, TIES, TROUSERS, VESTS, IN CLASS 25 (U.S. CL. 39).

PRIORITY CLAIMED UNDER SEC. 44(D) ON ITALY APPLICATION NO. 34909C/85, FILED 8-2-1985, REG. NO. 407522, DATED 2-24-1986, EXPIRES 8-2-2005.

OWNER OF U.S. REG. NOS. 1,249,558, 1,267,539 AND OTHERS.

SER. NO. 575,165, FILED 12-24-1985.

ROBERT PEVERADA, EXAMINING ATTOR-NEY



1333477

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

June 16, 2005

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,214,472* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM   *October 26, 1982*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM   *October 26, 2002*
SECTION 8
SAID RECORDS SHOW TITLE TO BE IN:
   *FENDI ADELE S.R.L.*
   *A LIMITED PARTNERSHIP OF ITALY*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

N. WILLIAMS

Certifying Officer

Int. Cl.: 18

Prior U.S. Cls.: 1, 3 and 41

## United States Patent and Trademark Office

Reg. No. 1,214,472
Registered Oct. 26, 1982

### TRADEMARK
Principal Register



Fendi S.a.s. (Italy limited partnership)
36A/39 Via Borgognona
Rome, Italy

For: LEATHER AND IMITATIONS OF LEATHER; LUGGAGE, TRUNKS AND TRAVELLING BAGS; UMBRELLAS AND PARASOLS, in CLASS 18 (U.S. Cls. 1, 3 and 41).

Priority claimed under Sec. 44(d) on Italy application No. 32,740 C/72, filed Jan. 8, 1972, Reg. No. 262,205, dated Jul. 10, 1972, expires Jan. 8, 1992.

Ser. No. 428,762, filed Jun. 29, 1972.

R. ROSS, Primary Examiner



## THE UNITED STATES OF AMERICA

### TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

June 16, 2005

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,648,256* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM  *November 12, 2002*

SAID RECORDS SHOW TITLE TO BE IN:
   *FENDI ADELE S.R.L.*
   *A LIMITED PARTNERSHIP OF ITALY*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

N. WILLIAMS
Certifying Officer

Int. Cl.: 18

Prior U.S. Cls.: 1, 2, 3, 22 and 41

Reg. No. 2,648,256

United States Patent and Trademark Office

Registered Nov. 12, 2002

TRADEMARK
PRINCIPAL REGISTER



FENDI ADELE S.R.L. (ITALY CORPORATION)
VIA FLAMINIA 968
00189 ROME, ITALY

FOR: LEATHER AND IMITATION OF LEATHER ITEMS, NAMELY SUITCASES, TRAVELING TRUNKS AND TRAVELING BAGS, ATTACHE CASES, BRIEFCASES, HANDBAGS, SHOULDER BAGS, BEACH BAGS, MEN'S ATHLETIC BAGS, MEN'S CARRY-ON BAGS, MEN'S GYM BAGS, RUCKSACKS, TOTE BAGS, WALLETS, PURSES, KEY CASES, PASSPORT CASES, DRIVING LICENSE CASES, BUSINESS CARD CASES, COSMETIC CASES SOLD EMPTY, UMBRELLAS, PARASOLS, WALKING STICKS, SHOULDER BELTS, FUR SOLD IN BULK, FUR PELTS, SCHOOL BAGS AND SATCHELS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

PRIORITY CLAIMED UNDER SEC. 44(D) ON ITALY APPLICATION NO. 2000C003885, FILED 6-16-2000, REG. NO. 003885, DATED 6-16-2000, EX-PIRES 6-16-2010.

OWNER OF U.S. REG. NOS. 1,244,466, 1,875,303 AND OTHERS.

THE MARK CONSISTS OF TWO LETTERS "F", THE SECOND OF WHICH IS UPSIDE DOWN AND FACING THE FIRST.

SER. NO. 76-155,990, FILED 10-30-2000.

GENE MACIOL, EXAMINING ATTORNEY



1333477

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

June 16, 2005

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,648,257 IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF 10 YEARS FROM  November 12, 2002

SAID RECORDS SHOW TITLE TO BE IN:
    FENDI ADELE S.R.L.
    A LIMITED PARTNERSHIP OF ITALY

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

N.  WILLIAMS
Certifying Officer

Int. Cl.: 18

Prior U.S. Cls.: 1, 2, 3, 22 and 41

Reg. No. 2,648,257

## United States Patent and Trademark Office

Registered Nov. 12, 2002

## TRADEMARK
### PRINCIPAL REGISTER



FENDI ADELE S.R.L (ITALY CORPORATION)
VIA FLAMINIA, 968
00189 ROME, ITALY

FOR: LEATHER AND IMITATION OF LEATHER ITEMS, NAMELY SUITCASES, TRAVELING TRUNKS AND TRAVELING BAGS, ATTACHE CASES, BRIEFCASES, HANDBAGS, SHOULDER BAGS, BEACH BAGS, MEN'S ATHLETIC BAGS, MEN'S CARRY-ON BAGS, MEN'S GYM BAGS, RUCKSACKS, TOTE BAGS, WALLETS, PURSES, KEY CASES, PASSPORT CASES, DRIVING LICENSE CASES, BUSINESS CARD CASES, COSMETIC CASES SOLD EMPTY, UMBRELLAS, PARASOLS, WALKING STICKS, SHOULDER BELTS, FUR SOLD IN BULK, FUR PELTS, SCHOOL BAGS AND SATCHELS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

PRIORITY CLAIMED UNDER SEC. 44(D) ON ITALY APPLICATION NO. RM2000C00388, FILED 6-16-2000, REG. NO. 003884, DATED 6-16-2000, EXPIRES 6-16-2010.

OWNER OF U.S. REG. NOS. 1,244,466, 1,875,303 AND OTHERS.

THE MARK CONSISTS OF TWO LETTERS "F", THE SECOND OF WHICH IS UPSIDE DOWN AND FACING THE FIRST.

SER. NO. 76-155,991, FILED 10-30-2000.

GENE MACIOL, EXAMINING ATTORNEY