UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

FENDI ADELE S.R.L., FENDI S.R.L. and        :   Case No. 06 Civ. 0243 (JES)
FENDI NORTH AMERICA, INC.,                  :
                                            :
                Plaintiff,                  :
    -against-                               :
                                            :
ASHLEY REED TRADING, INC.                   :
SCOTT RESSLER and JAMES RESSLER.            :
                                            :
                Defendants.                 :
----------------------------------------X


# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY


PAVIA & HARCOURT LLP
Attorneys for Plaintiffs
600 Madison Avenue
New York, New York 10022
(212) 980-3500

## PRELIMINARY STATEMENT

Plaintiffs Fendi Adele S.r.l., Fendi S.r.l. and Fendi North America, Inc., (collectively "Fendi" or "Plaintiffs") respectfully submit this Memorandum of Law in opposition to Defendants', Ashley Reed Trading, Inc., Scott Ressler and James Ressler, Motion to Stay Discovery based upon a pending indictment in Atlanta, Georgia against one of the named defendants, James Ressler.

Fendi's claims in the present action before this Court are related to Defendants' trademark counterfeiting activities involving Fendi's registered trademarks. The indictment in Atlanta, Georgia has no relation to the acts complained of in the present action since those criminal proceedings involve Prada's registered trademarks alone and make no reference to Fendi's trademarks. Moreover, the indictment in Georgia involves only one of the Defendants in the present proceedings, James Ressler, and does not make an accusation regarding the other two moving Defendants, Scott Ressler and Ashley Reed Trading, Inc.

In view of the facts that (a) there is no overlap of the facts in pending criminal and civil proceedings, (b) only one of the moving Defendants is the subject of the Georgia indictment, and (c) Defendant, James Ressler, may properly assert his Fifth Amendment rights in the present proceedings when needed, Defendants' motion for a stay of discovery is inappropriate in this action and should be denied in its entirety.

## I. THERE IS NO OVERLAP BETWEEN THE FACTS GIVING RISE TO THIS LAWSUIT AND THOSE FORMING THE BASIS OF THE CRIMINAL INDICTMENT

The only reason offered by the defendants to stay discovery in this matter is that on March 1, 2006 the United States filed an indictment against James Ressler based on charges that he purchased, imported and sold goods bearing counterfeits of Prada S.A.'s registered trademarks. Defendants' claim that, as a result of this pending criminal action, James Ressler will be put to a Hobson's choice between exercising his Fifth Amendment rights and suffering civil penalties, or providing discovery that could be used against him in the criminal action.[1]

James Ressler will not be faced with any dilemma at all. The indictment against him involves an entirely separate and distinct set of facts from those at issue in this case. The civil action against him is based on his purchase and sale of goods bearing counterfeits of Fendi's registered trademarks. The indictment against him alleges criminal activity involving Prada's registered trademarks only. As a result, defendants have failed to satisfy their threshold burden of showing that a stay of civil proceedings is necessary.

"The overlap of issues in the criminal and civil proceedings is the threshold factor to be considered in determining whether a stay is needed." *United States v. Eberhard*,

---

[1] Defendants do not claim that Ashley Reed Trading, Inc. or Scott Ressler will be put to the same dilemma: Ashley Reed Trading, Inc. is a corporation and cannot assert the Fifth Amendment privilege against self-incrimination and Scott Ressler, President of Ashley Reed Trading, Inc., is neither under criminal indictment or investigation.

2004 WL 616122 (S.D.N.Y.), *citing, In re WorldCom, Inc., Sec. Litig.*, 2002 WL 31729501, at 4; *see also*, the Honorable Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (March 1990) ("The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues."). Yet courts have refused to grant stays *even where* the same conduct gave rise to a civil as well as criminal liability. *Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus, Inc.*, 486 F.Supp. 1118 (S.D.N.Y. 1980) ("That defendant's conduct also resulted in a criminal charge against him should not be availed of by him as a shield against a civil suit and prevent plaintiff from expeditiously advancing its claim."); *Yanda v. Vanguard Meter Svc., Inc.*, 1992 WL 196786 (S.D.N.Y. 1992).

The indictment is clear: James Ressler is being prosecuted for his activities involving *Prada* trademarked goods, not *Fendi* trademarked goods, and he cannot be convicted for his activities involving products bearing counterfeits of Fendi's trademarks pursuant to the indictment. Defendants have not presented to this court any competent evidence to show that James Ressler is either subject to a criminal investigation involving Fendi goods or was indicted for activities involving Fendi goods. The indictment and the civil complaint are the only evidence that should be considered by this court in determining whether there is any overlap between this matter and the criminal prosecution. *See, Trustees of the Plumbers & Pipefitters Nat'l. Pension Fund v. Transworld Mech., Inc.*, 886 F.Supp. 1134, 1139 (S.D.N.Y. 1995).

Defendants rely on the declaration of James Ressler's criminal defense attorney that the government provided allegedly counterfeit "Fendi-Branded" handbags in

4

discovery in the criminal matter (Declaration of David Schoen, Esq., in Support of the Motion dated August 23, 2006, "Schoen Declaration", p.2) and that the government "represented" to the court that those bags were "inextricably intertwined" "with the Prada handbags forming the subject of the indictment." (Schoen Declaration, p.2). Mr. Schoen's statements are insufficient to show that the issues of this lawsuit overlap with those of the criminal action. Defendants do not disclose who said that the "Fendi-Branded" goods are "inextricably intertwined", the context in which the purported statements were made, or the transcript of the proceeding in which they were made.[2] There is no way for this court to assess the accuracy of the statement or whether in fact it was ever made.

## II. DEFENDANTS RELY ON CASES WHERE THE FACTS SUPPORTING THE CIVIL LAWSUIT *WERE IDENTICAL TO* THE FACTS GIVING RISE TO CRIMINAL LIABILITY

Indeed, cases cited by the defendants have a common theme: parallel civil and criminal actions based on *identical facts*, as follows.

In *Afro-Lecon, Inc. v. United States*, 820 F.2d 1198 (D.C. Cir. 1987), a government contractor asserted a claim against the government before the General Services Administration Board of Contract Appeals (the "Board"). During the course of the civil proceeding the United States began criminal proceedings against the appellants for asserting false claims before the Board.

---

[2] Plaintiffs have been unable to acquire a transcript of the proceedings in which these alleged statements were made since such transcript was sealed at the request of James Ressler on August 25, 2006, the date after this motion was filed. Declaration of Anthony S. Cannatella, Esq. in Opposition to the Motion dated August 30, 2006 §§ 8-12

5

In *United States v. Kordel*, 397 U.S.1 (1970) the government commenced civil action followed by criminal proceeding "...with respect to the transactions that were the subject of the civil action." *Id.* at 4.

In *Trustees of the Plumbers and Pipefitters Nat'l. Pension Fund v. Transworld Mech., Inc.*, 886 F.Supp. 1134, 1139 (S.D.N.Y. 1995), the district court granted a stay of civil proceedings after reading the criminal indictment and the amended civil complaint and found that "...the wrongful conduct alleged in both cases is the same..."

In *Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985)*, the court noted that "[a] stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter [*citation omitted*], and is even more appropriate when both actions are brought by the government." The subpoena requests at issue showed that the government sought criminal prosecution based on the same facts as the civil complaint. *Id.*, at 118.

In *Volmar Distrib., Inc. v. The New York Post Co., Inc., et al.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993), the charges contained in the criminal indictment arose "...from the same acquisition of newspaper distribution routes at issue in the instant civil case." *Id.* at 38. The court also noted that, "[w]hile the indictment covers a broader scope of conduct than that alleged in the instant Complaint, that scope includes NMDU's role in the events at issue in this civil case." *Id.* In contrast to the cited cases, the indictment against James Ressler does not include charges surrounding counterfeit Fendi products.

In *United States v. Certain Real Property*, 751 F.Supp. 1060 (E.D.N.Y. 1989), the court granted a stay of a civil forfeiture proceeding pending the outcome of criminal proceedings against the civil defendants. The opinion is not clear on the facts underlying the civil and criminal proceedings. The fact that the matter was a forfeiture proceeding strongly suggests that ownership of property was at issue in both the civil and criminal cases. In granting the request for a stay, the court cited authority for the proposition that "..a stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter..." *Id.* at 1062.

*Peden v. United States*, 512 F.2d 1099 (Ct. Cl. 1975) addressed a civil service employee who was discharged for activities that also lead to criminal charges against him. The employee-plaintiff argued that he was prejudiced by the delay in the civil proceeding against him and this case is wholly inapplicable to the matter at bar.

In *Trustees of the Plumbers and Pipefitters Nat'l. Pension Fund v. Transworld Mech., Inc.*, 886 F.Supp. 1134, 1138 (S.D.N.Y. 1995), the court wrote that "[t]he wrongful conduct about which plaintiffs complain in this case is the same as in the Criminal Case."

The issues in this civil case are not identical to the allegations raised in the indictment. Although a movant need not show that the parties to the parallel actions are exactly the same or that the issues are identical, *Landis v. North American Co.*, 299 U.S. 248 (1936), there must be a substantial overlap of issues. In *Landis*, the subject matter of the suits overlapped substantially because they involved the constitutionality of the same

act. Nevertheless, the Supreme Court found that the length of the stay issued was an abuse of discretion and remanded the motion for a stay. *Id.* at 259..

In the present case there is no overlap between the two cases. Their respective subject matters are completely different, and the delay resulting from the stay requested would be entirely unjustified.

### III. DEFENDANTS' RELIANCE ON CASES DENYING REQUESTS FOR STAYS OF CIVIL DISCOVERY IS MISPLACED

Other cases cited by defendants resulted in denials of requests to stay civil proceedings. In *Standard Sanitary Mfg. v. United States*, 226 U.S. 20 (1912), the government brought civil and criminal actions for violations of Sherman Antitrust Act. The Supreme Court found that it was not an abuse of discretion for the lower court to deny an enlargement of time to take testimony (not a stay of discovery) in a civil suit, pending resolution of criminal action.

In *In re Par Pharmaceutical, Inc. Securities Litig*, 133 F.R.D. 12 (S.D.N.Y. 1990), the court refused to stay parallel civil proceedings where the civil defendants requesting the stay had yet to be indicted. On its face, this case, on which movants rely, has precisely nothing to do with our case.

In *Securities and Exch. Comm. v. Dresser*, 628 F.2d 1368, 1370 (D.C. Cir. 1980), the district court affirmed a lower court's refusal to quash a subpoena duces tecum issued by the S.E.C. because of parallel government criminal investigations into the same "questionable foreign payments" at issue in the civil action. The court found that the case was weak for staying the civil investigation even though the facts at issue in both

proceedings were identical and the government was on both sides, since no indictment had been returned against the defendant.

Movants' repeated citation to inapposite authority reflects the fact that this motion is based entirely upon the bare fact that James Ressler has been indicted for criminal behavior involving the trademarked goods of an unrelated, non-party. The law is clear that this is not enough to warrant a delay of discovery in this case.

### IV. JAMES RESSLER'S CONCERNS ABOUT ABUSE OF CIVIL DISCOVERY ARE WITHOUT MERIT

With no overlap of issues between this matter and the criminal indictment, James Ressler's Fifth Amendment concerns are unfounded. James Ressler's abuse-of-discovery concern is also without merit. The government is not a party to this action and is not in a position to use the liberal rules of civil discovery to circumvent the strict rules of criminal discovery[3]. Courts have repeatedly stated that, "[a] stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter…and is even more appropriate when both actions are brought by the government." *United States v. Certain Real Prop.*, 751 F.Supp. 1060 (E.D.N.Y. 1989), *quoting, Brock v. Tolkow*, 109 F.R.D. 116 (E.D.N.Y. 1985).

---

[3] *See, ParallelCivil and Criminal Proceedings, supra*: "Criminal defendants who move for a stay of related civil proceedings against them usually do so on one of two grounds: they may assert their participation in civil proceedings jeopardizes their right against self-incrimination under the Fifth Amendment, *or, in civil cases in which the government is a party*, they may contend the prosecution can circumvent strict criminal discovery guidelines or learn the basis of the defendant's criminal defense by receiving information gathered by another branch of the federal government in the civil case." [*emphasis added*].

The absence of the government from this case distinguishes it from cases cited by the defendants where the government was a party to both civil and criminal actions. *See, Afro-Lecon, Inc. v. United States*, 820 F.2d 1198 (D.C. Cir. 1987); *Standard Sanitary Mfg. Co. v. United States*, 226 U.S. 20 (1912); *Landis v. North American Co.*, 299 U.S. 248 (1936); *United States v. Kordel*, 397 U.S. 1 (1970); *Securities and Exchange Comm. v. Dresser*, 628 F.2d 1368 (D.C. Cir. 1980); *United States v. Certain Real Property*, 751 F.Supp. 1060 (E.D.N.Y. 1989); and *Peden v. United States*, 512 F.2d 1099 (Ct. Cl. 1975). *See also, Baxter v. Palmigiano*, 425 U.S. 308 (1976) (actions by prison inmates claiming that procedures used in prison disciplinary proceedings violated constitutional rights); *Hoffman v. United States*, 341 U.S. 479 (1951) (addressing Fifth Amendment rights of grand jury witness). Naturally, concerns of self-incrimination and abuse of civil discovery are heightened when the government simultaneously sues civilly and prosecutes criminally the same party. Such concerns are not present when the plaintiff in the civil litigation is not a state actor.

In *D.L. Cromwell Inv., Inc. v. NASD Regulation, Inc.*, 279 F.3d 155 (2d Cir. 2002), the plaintiffs sued NASD for an injunction against compelling them, under threat of sanctions authorized by NASD rules, to submit to on-the-record interviews. The plaintiffs argued that NASD was a "willing tool" of the prosecutors and that the compelled interviews would violate their Fifth Amendment privilege against self-incrimination. *Id.*, at 156. The district court held that NASD was not subject to the Fifth Amendment restraint because it was not a state actor. *Id.* The Second Circuit affirmed. *Id.* at 161. The Court wrote that "[t]he Fifth Amendment restricts only governmental conduct, and will constrain a private entity only insofar as its actions are found to be

10

"fairly attributable" to the government." *Id.*, *citing*, *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Corrigan v. Buckley*, 271 U.S. 323, 330 (1926). In the present case, plaintiffs are not government entities, nor did they act at the behest of the government in bringing this lawsuit. Indeed, this lawsuit began before the criminal indictment was issued.

James Ressler's Fifth Amendment and abuse-of-discovery concerns are entirely misplaced and present no basis to impede plaintiffs' right to discovery in this case. James Ressler could be deposed in the later stages of discovery. Assuming *arguendo* that James Ressler has concerns at the time of his deposition, he could assert his Fifth Amendment privilege during his deposition (*see*, *Yanda*, *supra*). Defendants' apparent desire to avoid a resulting adverse inference in this case does not rise to the level of concern regarding self-incrimination. Moreover, by the time James Ressler's deposition is taken in the normal course of discovery in this case, the criminal proceedings related to Prada may well be fully resolved.

WHEREFORE, Plaintiffs respectfully request that Defendants' motion to stay discovery be denied in its entirety, together with any other relief deemed just and proper by this Court.

Dated: New York, New York
August 30, 2006

Respectfully submitted,

Pavia & Harcourt LLP

By: _____
Anthony S. Cannatella (AC 6423)

Attorneys for Plaintiffs
600 Madison Avenue
New York, New York 10022
(212) 980-3500