Gerard F. Dunne
LAW OFFICES OF GERARD F. DUNNE, P.C.
156 Fifth Avenue, Suite 1223
New York, New York  10010
Tel.: 212-645-2410

Attorney for Defendants
Ashley Reed Trading, Inc.
Scott Ressler and James Ressler

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
FENDI ADELE S.R.L., FENDI S.R.L.          :
and FENDI NORTH AMERICA                             Civil Action No.
                                          :
            Plaintiffs,                             06 CIV 0243 (JES)
                                          :
        vs.                               :

ASHLEY REED TRADING, INC.
SCOTT RESSLER                             :
and JAMES RESSLER
                                          :     **JURY DEMAND**
            Defendants.
                                          :
-------------------------------------------------x

-----

### AMENDED ANSWER

-----

Through their undersigned counsel, the defendants Ashley Reed Trading, Inc., Scott Ressler and James Ressler hereby respond amend their response to the Complaint in this action with the paragraphs below corresponding to the numbered paragraphs of the

1

Complaint.

## NATURE OF THE ACTION

1. Defendants admit FENDI seeks the relief requested in this paragraph, but deny any liability of violation of law.

## JURISDICTION AND VENUE

2. Admitted.

3. Admitted.

4. Admitted.

## THE PARTIES

5. The defendants are without sufficient information to either admit or deny the allegations of this paragraph and, therefore, deny same.

6. The defendants are without sufficient information to either admit or deny the allegations of this paragraph and, therefore, deny same.

7. The defendants are without sufficient information to either admit or deny the allegations of this paragraph and, therefore, deny same.

8. The defendants are without sufficient information to either admit or deny the allegations of this paragraph and, therefore, deny same.

9. The defendants are without sufficient information to either admit or deny the allegations of this paragraph and, therefore, deny same.

10. Ashley Reed Trading, Inc. has its principal place of business at 318 West 39th

Street, New York, NY 10018 and admits the remaining allegations of this paragraph.

11.  Scott Ressler has maintains an office at 318 West 39th Street, New York, NY 10018 and admits the remaining allegations of this paragraph.

12.  James Ressler has maintains an office at 318 West 39th Street, New York, NY 10018 and admits the remaining allegations of this paragraph.

## PLAINTIFFS' FAMOUS TRADEMARKS

13.  Admitted.

14.  The defendants are without sufficient information to either admit or deny the allegations of this paragraph and, therefore, deny same.

15.  The defendants are without sufficient information to either admit or deny the allegations of this paragraph and, therefore, deny same.

16.  Denied.

17.  Defendants admit the Products have been sold throughout the United States since 1970, and deny the remaining allegations of this paragraph.

18.  Admitted.

19.  Admitted.

20.  The defendants are without sufficient information to either admit or deny the allegations of this paragraph and, therefore, deny same.

21.  Admitted.

22.  Admitted.

3

23. Admitted.

24. Denied.

25. The defendants are without sufficient information to either admit or deny the allegations of this paragraph and, therefore, deny same.

26. The defendants are without sufficient information to either admit or deny the allegations of this paragraph and, therefore, deny same. .

27. The defendants are without sufficient information to either admit or deny the allegations of this paragraph and, therefore, deny same.

28. The defendants are without sufficient information to either admit or deny the allegations of this paragraph and, therefore, deny same.

29. Denied.

30. The defendants are without sufficient information to either admit or deny the allegations of this paragraph and, therefore, deny same.

31. The defendants are without sufficient information to either admit or deny the allegations of this paragraph and, therefore, deny same.

32. The defendants are without sufficient information to either admit or deny the allegations of this paragraph and, therefore, deny same.

33. The defendants are without sufficient information to either admit or deny the allegations of this paragraph and, therefore, deny same.

34. Admitted.

4

35. The defendants are without sufficient information to either admit or deny the

allegations of this paragraph and, therefore, deny same.

### DEFENDANTS' SALES OF COUNTERFEITS OF FENDI'S PRODUCTS

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

### AS AND FOR A FIRST CAUSE OF ACTION
### (FOR VIOLATION OF 15 U.S.C. §1114
### AND PURSUANT TO 15 U.S.C.§§1114, 1116, 1117 & 1118
### FOR AN ACCOUNTING OF DEFENDANTS' PROFITS, DISGORGEMENT OF
### SAME, DAMAGES, TREBLE DAMAGES, AN INJUNCTION AND DESTRUCTION
### OF COUNTERFEITS)

41. Defendants respond in the same manner they responded to the allegations of the

preceding paragraphs I through 40 of the Complaint.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

5

49. Denied.

50. Denied.

51. Admitted.

52. Denied.

53. Denied.

## AS AND FOR A SECOND CAUSE OF ACTION
### (FOR VIOLATION OF 15 U.S.C. §1125(A)
### AND PURSUANT TO 15 U.S.C.§§1125(A), 1116, 1117 & 1118
### FOR AN ACCOUNTING OF DEFENDANTS' PROFITS, DISGORGEMENT OF
### SAME, DAMAGES, TREBLE DAMAGES, AN INJUNCTION AND DESTRUCTION
### OF COUNTERFEITS)

54. Defendants respond in the same manner they responded to the allegations of the

preceding paragraphs I through 53 of the Complaint.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Admitted.

6

65. Denied.

66. Denied.

## AS AND FOR A THIRD CAUSE OF ACTION
### (FOR VIOLATION OF 15 U.S.C. §1125(C)
### AND PURSUANT TO 15 U.S.C.§§1125(A), 1116, 1117 & 1118
### FOR AN ACCOUNTING OF DEFENDANTS' PROFITS, DISGORGEMENT OF
### SAME, DAMAGES, TREBLE DAMAGES, AN INJUNCTION AND DESTRUCTION
### OF COUNTERFEITS)

67. Defendants respond in the same manner they responded to the allegations of the

preceding paragraphs I through 66 of the Complaint.

68. Admitted.

69. Admitted.

70. Denied.

71. Admitted.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Admitted.

7

81. Denied.

## AS FOR A FOURTH CAUSE OF ACTION
### (FOR COMMON LAW UNFAIR COMPETITION)

82. Defendants respond in the same manner they responded to the allegations of the preceding paragraphs 1 through 81 of the Complaint.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (FOR VIOLATION OF NEW YORK GENERAL BUSINESS LAW §368(D)

88. Defendants respond in the same manner they responded to the allegations of the preceding paragraphs 1 through 87 of the Complaint.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

### First Affirmative Defense

93. Plaintiffs have failed to state a claim upon which relief can be granted.

## Second Affirmative Defense

94. The claims of Plaintiffs are too broadly asserted and are, upon information and belief, unfairly and improperly intended to restrain legitimate competition of the defendants in genuine FENDI products sold outside distribution channels desired by the plaintiffs, and, therefore, Plaintiffs have filed and prosecuted their claims in this matter with unclean hands rendering its asserted rights unenforceable.

## Third Affirmative Defense

95. Upon information and belief, the activities of the defendants complained of herein have been known to Plaintiffs for many years and been carried out with the full knowledge and acquiescence of the owners of the asserted trademarks and their agents, and the Plaintiffs have acquiesced in the actions of the defendants complained of herein.

## Fourth Affirmative Defense

96. Upon information and belief, the activities of the defendants complained of herein have been known to Plaintiffs for many years and been carried out with the full knowledge and acquiescence of the owners of the asserted trademarks and their agents, and the doctrines of latches and estoppel preclude the relief requested by the Plaintiffs.

## Fifth Affirmative Defense

97. Upon information and belief, Fendi has over 300 subcontractors authorized by Fendi to manufacture and sell Fendi-branded merchandise, and Fendi provides minimal supervision and inspection to assure the various subcontractors produce Fendi-branded

products according to the standards and guidelines set forth by Fendi. Accordingly, the system put in place by Fendi to inspect and supervise the quality of the Fendi-branded merchandise produced by its subcontractors is so ineffectual that Fendi can no longer distinguish in the marketplace genuine Fendi branded goods and counterfeit goods; and Fendi has failed to adequately monitor the manufacture and distribution of Fendi-branded products so as to render the Fendi marks asserted herein invalid and unenforceable.

WHEREFORE, the Defendants Ashley Reed Trading, Inc., Scott Ressler and James Ressler pray for judgment as follows:

A.   The Complaint be dismissed with prejudice.

B.   For an award from this Court against the Plaintiffs jointly and severally for the reasonable attorney's fees, costs and expenses incurred by Ashley Reed Trading, Inc., Scott Ressler and James Ressler for the defense of the asserted claims.

C.   Prejudgment interest on all attorneys' fees, costs and expenses incurred by Ashley Reed Trading, Inc., Scott Ressler and James Ressler in defense of the asserted claims.

E.   For such other relief as the Court may deem just and proper.

10

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil procedure, the Defendants Ashley

Reed Trading, Inc., Scott Ressler and James Ressler in the above-identified action requests

a trial by jury of all issues triable of right by a jury.

New York, New York
Dated:  December 7, 2006

Respectfully submitted,

Gerard F. Dunne (GD 3323)
Attorney for Defendants Ashley Reed Trading,
Inc., Scott Ressler and James Ressler
Law Office of Gerard F. Dunne, P.C.
156 Fifth Avenue, Suite 1223
New York, NY  10010
212-645-2410
Fax:212-645-2435

11