

**SQUIRE, SANDERS & DEMPSEY L.L.P.**

350 Park Avenue, 15th Floor
New York, NY 10022-6022

Office:  +1.212.872.9800
Fax:     +1.212.872.9815

Direct Dial: +1.212.872.9889
ygenecin@ssd.com

ENDORSED ORDER

The application of James Ressler either to preclude this deposition or to postpone it until his long-running criminal prosecution is completed is denied. He is of course free to invoke his rights under the Fifth Amendment if warranted. In view, however, of the fact that the deposition has already been delayed since September 2006 for this reason, and since there is no clear indication as to when the criminal case will end, and since discovery in this case is now scheduled to end this month, we conclude that the interests in bringing this litigation to a reasonably prompt close and the fact that doing so will not prejudice Mr. Ressler in his criminal case, we conclude that a further stay is unwarranted.

[signature] 5/14/08

May 12, 2008

**VIA FACSIMILE**

Hon. Michael H. Dolinger
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1670
New York, New York 10007-1312

Re:  **CASES CONSOLIDATED FOR DISCOVERY:**

*Fendi Adele, s.r.l. et al. v. Burlington Coat Factory Warehouse Corp., et. al.,*
Case No. 06 Civ. 0085 (LBS) (MHD)
*Fendi Adele, s.r.l. et al. v. Ashley Reed Trading, Inc., et al.,*
Case No. 06 Civ. 0243 (JES) (MHD)
*Fendi Adele, s.r.l. et al. v. Filene's Basement, Inc., et al.,*
Case No. 06 Civ. 0244 (JES) (MHD)
*Fendi Adele, s.r.l. et al. v. 546332 BC Ltd, d/b/a Colton Int'l, et al.,*
Case No. 06 Civ. 7084 (JGK) (MHD)

Dear Judge Dolinger:

As your Honor directed, we write on behalf of plaintiffs (collectively, "Fendi"), to respond to the application of counsel for James Ressler dated May 7, 2008 for an Order postponing that defendant's deposition until the completion of his criminal trial. Fendi respectfully submits that there is no basis for any further delay in the deposition of Mr. Ressler.

Counsel offers no explanation for his delay in requesting postponement of Mr. Ressler's deposition. The Court was clear in its September 8, 2006 Memorandum & Order that Mr. Ressler's deposition would be taken "last," at the end of discovery. (Mem. & Order, Dkt. 25, at 9). The Court further afforded Mr. Ressler the opportunity to present evidence concerning: 1) whether Fendi products were within the scope of relevance of the impending criminal prosecution, and 2) the likely timing of a trial in the criminal case. (*Id.*).

CINCINNATI · CLEVELAND · COLUMBUS · HOUSTON · LOS ANGELES · MIAMI · NEW YORK · PALO ALTO · PHOENIX · SAN FRANCISCO · TALLAHASSEE · TAMPA · TYSONS CORNER
WASHINGTON DC · WEST PALM BEACH | CARACAS · RIO DE JANEIRO · SANTO DOMINGO · SÃO PAULO   BRATISLAVA · BRUSSELS · BUDAPEST · FRANKFURT · KYIV
LONDON · MOSCOW · PRAGUE · WARSAW | BEIJING · HONG KONG · SHANGHAI · TOKYO | ASSOCIATED OFFICES: BUCHAREST · BUENOS AIRES · DUBLIN · SANTIAGO
www.ssd.com

NEWYORK/81487.5
100743.00005

Hon. Michael H. Dolinger  
May 12, 2008  
Page 2

SQUIRE, SANDERS & DEMPSEY L.L.P.

At no time during the past 19 months did Mr. Ressler proffer evidence concerning either question. On February 27, 2008, we wrote to Mr. Dunne, one of the lawyers for Mr. Ressler, to request a deposition. We wrote again on March 25, 2008. Counsel elected to wait until we requested a deposition for a third time, on April 23, 2008, to state that he intended to apply to the Court for a protective order.

Even at this late date, moreover, counsel proffers no evidence, as required by the Court, but bases his entire presentation upon documents that are not in the record, and that he cannot, or will not, put forward. Tellingly, counsel states that he relies principally upon: 1) an e-mail that he states that he sent to the AUSA in the Georgia case on May 1, 2008, *after* plaintiffs' counsel requested the deposition in accordance with the Court's prior Order, and 2) the AUSA's reply. (Schoen Letter, at 4-5). Neither document is attached to counsel's letter.

Counsel's delay in making the instant application, and the absence of supporting evidence, are reminiscent of this defendant's prior application for a protective order. (Mem. & Order, at 7) ("The weakness in defendants' motion is further underscored by the timing of their stay application . . . The fact that they chose to seek a stay only in the wake of court rulings that required compliance with plaintiffs' demands raises serious questions about the real motivation for this application."); *see also id.* at 6 (noting defendant's failure to produce evidence).

It is apparent, moreover, that the claims in the criminal and civil cases do not "arise from the same underlying events." *City of New York v. A 1 Jewelry & Pawn, Inc.*, No. 06-CV-2233, 2008 U.S. Dist. LEXIS 16708, at *8 (E.D.N.Y. Mar. 4, 2008); *see also* Schoen 8/23/06 Decl.¶3 (claiming that the indictment charges Mr. Ressler only with importing counterfeit Prada-branded handbags). Where the moving party cannot point to a direct factual overlap between his civil and criminal cases, no stay is warranted.

In *Travelers Casualty & Surety Co. v. Vanderbilt Group*, Nos. 01-7927, 01-10695, 2002 U.S. Dist. LEXIS 7939 (S.D.N.Y. May 2, 2002), the defendants moved to stay proceedings in consolidated civil actions pending the resolution of criminal charges against two of the individual defendants. They claimed that the civil proceedings --including deposition testimony of the two defendants who had been indicted -- would impinge on their Fifth Amendment right against self-incrimination. The Court denied the stay, based in part on its finding that much of the discovery in the civil actions would relate to the pending criminal charges only indirectly, and that many of the issues in the civil litigation were therefore independent from the substance of any testimony the defendants might give. The same is true here.

Mr. Ressler's counsel has not produced documents that would shed light on the extent of the alleged "overlap" between the two cases. *See United States v. Eberhard*, No. 03-562, 2004 U.S. Dist. LEXIS 5029, at *17 (S.D.N.Y. Mar. 30, 2004) (conclusory and unsupported allegations of "overlap" are insufficient). Accordingly, Mr. Ressler cannot meet *his burden* of demonstrating that further extraordinary relief is warranted. *See Sterling Nat. Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001) (granting a stay of civil discovery pending the outcome of related criminal matters is an extraordinary remedy, appropriate only for extraordinary circumstances); *Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987) (citing *Paine, Webber, Jackson & Curtis Inc. v. Malon S. Andrus Inc.*, 486 F. Supp. 1118, 1119 (S.D.N.Y. 1980)("A policy of issuing stays solely because a

Hon. Michael H. Dolinger  
May 12, 2008  
Page 3

SQUIRE, SANDERS & DEMPSEY L.L.P.

litigant is defending simultaneous lawsuits would threaten to become a constant source of delay and an interference with judicial administration")).

There is, moreover, no danger that Mr. Ressler will be deprived of exercising his Fifth Amendment rights and there is no "fundamentally important constitutional right" at stake here. (Schoen Letter, at 7). Mr. Ressler retains the absolute right to invoke the privilege. Ultimately, what is at risk is not [his] constitutional rights -- for [he] cannot be forced to testify -- but [his] strategic position in the civil case. *Sterling Nat'l Bank v. A 1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 578 n. 4 (S.D.N.Y. 2001); *see also* Mem. & Order, at 4 (citing *Sterling*).

In *Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus, Inc.*, 486 F. Supp. 1118 (S.D.N.Y. 1980), one of the defendants moved to stay civil proceedings, "including any deposition," arguing that were he to be questioned in the deposition, it would result in his lawyers advising him to invoke his Fifth Amendment privilege. The Court held that to permit plaintiff to proceed in the normal course against the defendant would not prejudice the defendant in the criminal prosecution in that, "[u]pon any deposition, his constitutional privilege against self-incrimination may be asserted if there is proper ground therefore." *Id.* at 1119; *see also Travelers Cas. & Sur. Co.*, 2002 U.S. Dist. LEXIS 7939, at *11 ("that defendant's conduct also resulted in a criminal charge against him should not be availed of by him as a shield against a civil suit and prevent plaintiff from expeditiously advancing its claim") (quoting *Paine, Webber*, 486 F. Supp. at 1119); *see also Sterling Nat'l Bank*, 175 F. Supp. 2d at 575 n. 2, 576, 578.

Finally, Mr. Ressler's counsel cannot say with any certainty when the criminal trial will take place. He asserts only that, on April 30, 2008, he "asked" that the trial take place in December 2008; the "goal" is to conclude the trial by the end of the year. (Schoen Letter, at 6-7). Again, without putting forth any supporting evidence, he attributes the delay to another trial and "outstanding letters rogatory." (*Id.*) This delay, however, which appears to be one of Mr. Resslers' counsel's own making, stands to prejudice plaintiffs. *See Sterling Nat'l Bank*, 175 F. Supp. 2d at 577(courts consider the interest of the plaintiffs in proceeding expeditiously, the potential prejudice to plaintiffs of a delay, the convenience of the court in the management of its cases, and the efficient use of judicial resources); *see also* Mem. & Order.

In sum, Fendi's interest in proceeding expeditiously is compromised where, as here, it cannot take the deposition of a critical witness for an indefinite amount of time.

For these reasons, plaintiffs should be permitted take Mr. Ressler's deposition without further delay.

We are grateful for the Court's attention to this matter.

Respectfully,

SQUIRE, SANDERS & DEMPSEY L.L.P.

Victor Genecin

NEWYORK/81487.5  
100743.00005