DAVID I. SCHOEN
ATTORNEY AT LAW
2800 ZELDA ROAD, SUITE 100-6
MONTGOMERY, ALABAMA 36106

ADMITTED IN
ALABAMA
MARYLAND
NEW YORK
DISTRICT OF COLUMBIA

May 15, 2008

TELEPHONE: (334) 395-6611
FACSIMILE: (334) 272-0528
E-Mail: DSchoen@abanet.org

Judge Michael H. Dolinger
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1670
New York, New York 10007

\*    Via Fax: 212-805-7928    \*

Re: *Fendi et al. v. Ashley Reed Trading, Inc. et al.*; 06 Civ. 0243 (JES)(MHD)

Dear Judge Dolinger:

### Relevant Preliminary Background

Yesterday, the Court entered an Endorsed Order denying Mr. Ressler's request for a protective order or a stay by which we sought to postpone the taking of his deposition until the conclusion of the related criminal case against him in Georgia. The Court's Endorsed Order provided the following (based on my best effort at reading the endorsement):

> "The application of James Ressler either to preclude (illegible) deposition or to postpone it until his long-running criminal prosecution is completed is denied. He is of course free to invoke his rights under the Fifth Amendment if warranted. In view, however, of the fact that (illegible) deposition has already been delayed since September 2006 for this reason, and since there is no clear indication as to when the criminal case will end and since discovery in this case is now scheduled to end this month, we conclude that the interests in bringing this litigation to a reasonably (illegible) close and the fact that doing so will not prejudice Mr. Ressler in his criminal case, we conclude that a further stay is unwarranted."[1]

Immediately after the Order was entered, I received an email from Mr. Genecin advising that because of business travel, he is not available next week to take Mr. Ressler's deposition. He proposed May 29th or 30th. I responded by advising him that of those two dates, I would be

---

[1] The Court also entered an Endorsed Order yesterday denying the defendant "BCF"'s application to join in our motion to postpone the deposition. That defendant, as well, we are advised, as another Defendant in this case who had planned to join in BCF's motion, sought this same relief in order to have the benefit of what they perceive to be Mr. Ressler's critically important testimony for the defense of their case. They will not have the benefit of that testimony now, since Mr. Ressler has been placed in the position of having no choice but to invoke his Fifth Amendment rights at his deposition.

---

[Handwritten endorsed order:]

ENDORSED ORDER

To the extent that this letter amounts to a request for reconsideration, it is denied. The application points to no facts or law overlooked by the court (whether or not explicitly cited). As for plaintiff's request to extend discovery, that will be promptly dealt with at a forthcoming conference. Finally, the reference in our September 2006 decision to delaying Mr. Ressler's deposition until the end of fact discovery did not preclude its taking place a few days before one or more other depositions.

[Margin note:] The point was to permit the deposition for a period of time to permit the possible clarification of the issues.

/s/ 5/16/08

Judge Michael H. Dolinger
May 15, 2008
Page 4

As the Court is aware, we need to make the objections in timely fashion in order to avoid waiving the issue and this issue may well become the defining issue in this case which determines defense strategy in the case, whether Mr. Ressler will be able to testify at trial on his own behalf, whether other Defendants will have the benefit of his testimony, whether this Court exercised its discretion appropriately in its ruling, balancing the potentially dispositive effect of the ruling on the remaining short delay, the fundamental nature of the underlying constitutional right, and the prejudice to the Defendants compared to the limited inconvenience of having to waiting until the conclusion of the criminal case. Ultimately, this issue may determine whether any trial provided in the case was a fair one for any Defendant.

It is a defining issue from any perspective. Denying the relief requested herein risks rendering any objections or request for reconsideration moot and that would not be fair or consistent with what the reference statute and Rules provide.[5]

### Summary of the Grounds for Objections or Reconsideration Request

In order to demonstrate that any Objections or request for reconsideration that we would file will not be frivolous, I will provide a brief outline, and only an outline of the grounds we would anticipate rasing.[6]

1. As indicated above, we intend to argue that, even though on the face of it the issue involves a non-dispositive pretrial discovery motion such that referral under §636(b)(1)(A) would appear to be appropriate, requiring only a written order that is subject to an abuse of discretion or contrary

---

about which I am not aware which somehow removes the three extra days provided for fax or electronic service under Rule 5(b)(2)(D). It does not appear that that is the case [See Local Civil Rule 6.4], so that June 3, 2008 is the proper date; but I have encountered differing practices on this question in various parts of the country when a Magistrate Judge's Order or R&R is served by facsimile, so I always file by the earlier date and here would plan to file by May 29, 2008.

Similarly, under Local Rule 6.3, a Motion for Reconsideration, bringing to the Court's attention in a Memorandum facts and controlling authority I believe have been overlooked would be due on the same date, using yesterday as the "date of entry" of the Order and applying the appropriate computation rules.

[5] I am well aware of authority which provides that there is no automatic stay of a discovery order (or more accurately here, relief from an order denying a protective order) during the Objections period and, indeed, the Court has the authority to shorten the Objections period; but in this case on these facts, with the importance of the underlying rights and consequences, postponing the deposition to allow the Objections process to run its course is appropriate and shortening the Objections process is not necessary or appropriate.

[6] We recognize from the outset the limitations on the Objections process, especially if deemed a referral under §636((b)(1)(A) with the deferential "contrary to law" or "abuse of discretion" standard that would apply and perhaps for institutional reasons; but the issue is a very significant one and a chance for meaningful review must be permitted.

Judge Michael H. Dolinger
May 15, 2008
Page 5

to law standard of review, we believe that, given the implications for a fundamental constitutional right and the likely dispositive effect of forcing the deposition to go forward, which will result in the unavoidable invocation of the Fifth Amendment privilege while the overlapping criminal case is pending and which, in turn will perhaps lead to a preclusion order, the referral, if proper at all, should be deemed to be under §636(b)(1)(B), with a Report and Recommendation and *de novo* review.

2. We intend to raise a second procedural objection. I followed the Local Civil Rules (LCR 37.2) and the Court's Individual Practices (Section 2. A.) which, according to the terms of both are mandatory. Based on those rules, I wrote to the Court requesting an "informal conference" which the Court requires as a preliminary step in advance of filing a motion. Consistent with that practice, I did not file a memorandum of law, provide legal argument or evidentiary support, etc.; rather I specifically advised the Court in the requisite letter that I was following this directed practice and, if the Court found a conference not called for or the conference did not resolve the matter, I would file a formal motion with appropriate support and argument, just as provided for by the local rule and practice.

Instead, the Court notified the parties that it was treating the letter as a motion and set an expedited response and reply period, giving me just one day for a reply. The Court's actions denied Mr. Ressler any opportunity to file a proper motion on this important subject which implicates his fundamental constitutional rights and which now stands to cause him irreparable prejudice in this case. This is too important a matter to be treated in this way and it makes it difficult for Mr. Ressler adequately to frame and preserve the issues for any necessary review by the District Court and the Court of Appeals. Moreover, the Court permitted the Plaintiffs to exploit the Court's unilateral procedural decision by arguing that the request should be rejected because no evidentiary support was provided for representations in the letter, including the representation on the primary issue of factual overlap.

3. In its own Memorandum and Order of September 8, 2006 denying a request to stay all discovery and refusing to preclude "at (that) time" Mr. Ressler's deposition, the Court directed that, in any event, Mr. Ressler's deposition should be taken "last" in the discovery process specifically "so that if he has any further evidence pertinent to (1) whether Fendi products are within the scope of relevance in the impending criminal prosecution and (2) the likely timing of a trial in the criminal case, he may apply for relief with respect to his deposition." [M&O at 9]

Instead, without any changed circumstance, good cause showing, or other reason, the Court has (1) abandoned its order that Mr. Ressler's decision be taken last in the discovery process; (2) ignored indisputable evidence that Fendi products are within the scope of relevance in the impending criminal prosecution - exactly the kind of direct factual overlap which courts in this Circuit have held to be the single most important factor in stay analysis under these circumstances; and (3) otherwise relied on criteria other than that which the Court had advised the parties would be relevant to its determination of whether to grant a stay pending the resolution of the related criminal case. We had no way to know that the Court would evaluate the request on other criteria and the Court failed properly to consider and weigh in exercising its discretion, the appropriate criteria for the same as established by the law to inform such discretion and failed properly to balance the relevant interests.

4. In its Endorsed Order, the Court wrote that Mr. Ressler's deposition has been "delayed since

Judge Michael H. Dolinger
May 15, 2008
Page 6

2006 for this reason." This is not a fair characterization of the matter. It ignores relevant factors. In 2006 the Court directed that Mr. Ressler's deposition be taken last. Its delay was not, therefore, a function of his actions or inaction or even of the "long-running" criminal case. Rather it is a function of the length of time other discovery, involving many depositions and voluminous document and electronic production has taken (and it is a function as well of the stay order entered in the case at one point when consolidation was under consideration; although I cannot tell from the docket how long that stay was in effect, halting, by its terms "all ongoing discovery" in the case). It also ignores extensions of discovery by agreement among the parties. Just such an extension was provided a couple of months ago on the joint application of the parties, for no reason related to Mr. Ressler's deposition. It is a function of the nature of this case. By the terms of the Court's September 8, 2006 M&O, Mr. Ressler's deposition could not be taken earlier and, indeed, should not be permitted at least until the end of June, given Mr. Genecin's letter of today and the setting of another deposition (with, he advises, possibly more to come) in June. It simply is not fair to characterize Mr. Ressler's deposition as having been long delayed any more than other discovery in the case has been long delayed and, in fact, based on this Court's Order, it still should not be required now.

5. A primary factor in the Court's decision denying the stay request is related to the criminal case and the inability to know exactly when it will finish. This is one of the criteria the Court originally determined would be relevant in its 2006 M&O. However, the value the Court placed on this factor is contrary to the law concerning the balance in which the Court is to engage in informing its discretion. The Court's approach here, with all due respect, insufficiently valued the 5th Amendment right, contrary to settled law. See e.g. Parker v. Dawson, 2007 U.S. Dist. LEXIS 63068, *21-*22 (E.D.N.Y., August 27, 2007)(Bianco, D.J.)(describing the primacy in the equation of the 5th Amendment right as "settled authority"). In Parker, the moving party had not yet even been indicted (and the Court noted that the "weight of authority" in the Second Circuit calls for a stay to be imposed where, as here, the movant is under indictment - Id. at *11-*12 and *16-*17) and had waived speedy trial rights several times, making it likely the criminal case would not be resolved for a long time. The Court found that that was not the determinative factor; rather it is that an indictment makes the movant "subject to immediate and substantial criminal exposure." Id. at *18-*19.

It is not fair to hold the continuing pendency of the criminal case against Mr. Ressler and his stay request for several reasons. The delay is not in any attributable to him as the Magistrate Judge in the criminal case repeatedly and consistently has recognized and expressed. He has done all he can to make the letters rogatory process proceed as quickly as possible and the Court has found them essential to his defense. Well settled stay analysis does not exempt from consideration or from the relevant framework defendants who face complicated criminal cases.

It also is not a fair characterization of things to hold, as the Court has, that "there is no clear indication as to when the criminal case will end," at least insofar as it implies that there will be a further extraordinary delay or such a delay as to outweigh deference to the fundamental 5th Amendment right at stake here. Mr. Ressler's efforts at moving the criminal case forward have been extraordinary and that must be considered under the relevant framework. Moreover, the Georgia court has made clear that it expects the trial to be held in the very near future, perhaps without the benefit of the letters rogatory if the district judge so decides. It found my request of a December 1, 2008 start date likely to be far too late and gave every indication that it would order the criminal trial to start in the much closer future. This is not a setting which has no end in

Judge Michael H. Dolinger
May 15, 2008
Page 7

sight. We know with certainty that the trial will commence in a few months at the latest and that is more than sufficient to warrant a stay under the relevant balancing test established in this Circuit.

6. In its Endorsed Order the Court also found it persuasive to its decision that "discovery in this case is now scheduled to end this month." This is an issue, as noted above, that Plaintiffs pressed in arguing against the stay; yet on the very day after the Court denied our request, based in part on this factor, Plaintiffs' counsel wrote to the Court seeking an extension of discovery for another 30 days and advising the Court that it might then need additional discovery to "follow up" on production to be made. Counsel certainly well knew a day earlier that this would be their position; but once again the Court was misled into a decision, based on a faulty premise. Plaintiffs will press for discovery to be extended for as long as they deem fit in order to get all they wish to get; but when it comes to Mr. Ressler's deposition, which by the Court's Order is to be taken last, for that there is a rush, even though it will require no further follow up and is from a discovery standpoint, under these circumstances, a non-issue, since he is being forced into the position of invoking the 5th.

7. While it is difficult from this type of Endorsed Order to determine what the Court did or did not consider in arriving at its decision, it would appear that the Court did not consider an authorized alternative in this area. That is, if the Court were concerned about how much longer the delay in waiting for the criminal trial will be, the Court could have stayed Mr. Ressler's deposition for a given period of time, say through August, subject to re-visiting the subject then and, if appropriate, withdrawing the stay if at that time no trial date had been set for the criminal case. See Parker, Supra. at *21, n.10.

8. The conclusion in the Endorsed Order that forcing the deposition to proceed now "will not prejudice Mr. Ressler in his criminal case" is, with all due respect, simply and clearly erroneous. Additionally, it wholly ignores the incredible prejudice in this civil case, both to him and to the other defendants who now will be unnecessarily deprived of his testimony which would have provided extraordinary help for their defenses.

The prejudice to Mr. Ressler in the criminal case, if he testifies hear under these compelled circumstances, given the possible dispositive consequences here of invoking the 5th, would be devastating, for it would lead him to reveal his defense strategy to the prosecutors when they are not entitled to know it and it would provide them with substantive information in advance of trial to which they are not entitled.[7] That, of course, is a factor courts in this Circuit

---

[7] It is all too clear in this case, in light of the admissions in Mr. Cannatella's deposition, cited in my May 7, 2008 letter, that the entry of a protective order sealing the deposition transcript or otherwise designating it to try to avoid distribution elsewhere would not provide a sufficient safeguard. Notwithstanding such purported safeguards already in place in this case, Mr. Canatella, placed under oath, recalled that he may have provided information and documents to the Georgia prosecutors in Mr. Ressler's case who called (and possibly emailed) him to inquire about Fendi goods in connection with Mr. Ressler. While he doubted that he gave them depositions that were covered by protective orders, in the end he claimed simply to not recall whether he provided any such protective order covered materials to them. [Cannatella Deposition

Judge Michael H. Dolinger
May 15, 2008
Page 8

have recognized as warranting the imposition of a stay or protective order.

The prejudice to Mr. Ressler in this case, a factor which courts in this Circuit consistently have written must be considered and weighed in a balancing of a variety of factors, does not even appear, from the Endorsed Order, to have been considered by the Court - and certainly not to the degree the law requires. Here, of course, the prejudice to Mr. Ressler is devastating and far out of proportion to the interests against which it rightly ought to have been balanced. First, of course, the Plaintiffs will try to exploit the invocation at every possible juncture through an adverse inference. Secondly, they will go beyond that to seek a preclusion order depriving Mr. Ressler and the other defendants of his critically important trial testimony, knowing he otherwise will be a primary witness at trial with testimony that ought to put an end to the Plaintiffs claims in this case once and for all. That is an entirely unjust consequence and easily can and should be avoided by the entry of the requested stay.[8]

9. Finally, while it may not provide a cognizable basis for a formal objection, the fact of the matter is, with all due respect once again, the Court's Order sends the message to the Plaintiffs loudly and clearly, that their misconduct, inappropriate argument, and complete lack of candor with the Court all pay off with flying colors and will be licensed without even so much as a comment from the Court. Such misconduct reaches back to the 2006 stay litigation during which Plaintiffs' counsel swore to the Court there was no overlap between the criminal and civil cases, while concealing altogether from the Court that he had been in communication with the Georgia prosecutors and that their interest was **only** in Fendi goods, etc. and continues through this week, leading this Court to believe that discovery must be concluded this month - only to move a day after the Court's Order based in part on that position, for a month's extension of time. This is a

---

at 149] That is far too cavalier an approach to such a serious subject to provide any reasonable confidence to anyone that Mr. Ressler's deposition would be treated by Plaintiffs' counsel as confidential even if so designated. That is a sad commentary; but it is a reality arising from the established facts.

[8] Another attorney in the case has remarked to me how bizarre it is that the Plaintiffs purport to believe that James Ressler is involved with counterfeit goods and claim to want information about sources, methods, etc.; yet they press the case for proceeding with his deposition now, knowing he will invoke his rights under the Fifth Amendment and will give no substantive testimony, instead of just waiting a short period of time to have an opportunity to examine him under oath at will. I no longer find this so surprising; rather I think it is telling. The Plaintiffs have been successful in getting a tremendous amount of discovery and in coloring the Court's view of the Defendants. They also have caused a lot of expense and aggravation along the way; but at the end of the day, this cannot suffice as a substitute for the lack of merits in the case. Plaintiffs clearly have decided that they are best served by trying to exploit Mr. Ressler's invocation of the Fifth Amendment, recognizing that the opportunity to exploit the negative inference arising from his invocation will serve them far better than having to deal with his testimony and the merits of the case directly. Moreover, this way they deny the other Defendants the ability to obtain and use Mr. Ressler's testimony in support of their cases as well. This just highlights the significance of the Court's decision denying our request and the substantive impact and unfair prejudice to the Defendants of that decision.

Judge Michael H. Dolinger
May 15, 2008
Page 9

terrible message to send, especially with past experience which has proven that the Plaintiffs will exploit this license time after time, confident they can do so with impunity.

### Conclusion and Requested Relief

For all of the foregoing reasons, including the most recent development by which Plaintiffs unilaterally have extended discovery and set another deposition for June 11, while asking the Court to extend it altogether through the end of June, we ask the Court to (1) reconsider its Order at least to the extent of staying the deposition for an acceptable period of months, with the understanding that the stay will be re-visited at that time if the criminal case has not been concluded; or (2) enter a protective order or stay regarding Mr. Ressler's deposition at least long enough for him to file his objections or reconsideration motion within the period provided for the same by statute and the Federal Rules. There certainly is no impediment to this minor relief, given the setting of another deposition in June and the request for extension of discovery, especially in light of the Court's original Order that Mr. Ressler's deposition be taken last.

### Related Procedural Matter

I received an email from Mr. Genecin at 10:41 p.m. tonight advising me that the Court contacted him this evening to advise that the Court wishes to have a conference on May 23, 2008 at 1:00 p.m., with all parties present, and wants to know all parties' availability. I do not know the nature of the conference. I can only assume it is related to his letter of earlier today. As I advised Mr. Genecin, I cannot appear on either May 22 or May 23 as I have to be in Atlanta on both of those dates. I advised further, though, that I could be available to appear any other day next week. Mr. Genecin then advised that the Court might consider allowing my participation by telephone; but I would much prefer to appear in person and could do so Monday, Tuesday, or Wednesday. If the matter is not one in which I am involved then, of course, co-counsel for Mr. Ressler can appear alone, subject to his schedule; but if it in any way is related to Mr. Ressler's deposition I would like an opportunity to appear. I will proceed as directed.

Respectfully,

David I. Schoen (DS-0860)
Co-Counsel for Defendant James Ressler

cc: All counsel by email