Gerard F. Dunne
Law Offices of Gerard F. Dunne, P.c.
156 Fifth Avenue, Suite 1223
New York, New York 10010
Tel.: 212-645-2410
Attorney for Defendants

UNITED STATES DISTRICT COURT  ECF CASE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
FENDI ADELE S.R.L., FENDI S.R.L.    :
and FENDI NORTH AMERICA             :   Civil Action No.
                                    :
            Plaintiffs,             :   06 CIV 0243 (RMB)
                                    :
    vs.                             :
                                    :
ASHLEY REED TRADING, INC.           :
SCOTT RESSLER                       :
and JAMES RESSLER                   :
                                    :
            Defendants.             :
                                    :
------------------------------------------------------x

## DECLARATION OF GERARD F. DUNNE

I, Gerard F. Dunne, hereby declare the following to be true and correct to the best of my information and belief; and I make the following statements with the knowledge that any false statements made wilfully may subject me to criminal charges of perjury under the laws of the United States.

1. I am an attorney for the defendants in the above captioned matter, and make the following statements from my own personal knowledge, or upon information and belief when indicated.

2. On February 13, 2008 I attended the Video Deposition of Leonardo Minerva, presented by the Plaintiffs (collectively "Fendi") to preserve the testimony of Mr. Minerva for trial. During the deposition, Mr. Minerva testified as to the authenticity of the Fendi-branded products that are the basis of Fendi's current summary judgment motion against the

1

defendants in the above captioned matter. During his examination, Mr. Minerva was given reports for the examinations that Fendi had previously done on each of the allegedly counterfeit products. When questioned as to how the products in question were determined by Fendi to be counterfeit, the reports handed to Mr. Minerva where not taken from him, and he testified regarding the reasons why the accused bags were asserted to be counterfeit by reading from the reports that remained in his possession, instead of form his own knowledge, or from his own recollection that had been refreshed by initially viewing the reports.

3. It is my understanding that Rosenthal and Rosenthal, LLC is a factor that had loaned Ashley Reed money for its purchases, and in return, received an assignment of all Ashley Reed's receivables. When Ashley Reed invoiced products, I understand the invoices and supporting documentation were sent to Rosenthal and Rosenthal by Ashley Reed inasmuch as Rosenthal and Rosenthal was the owner by assignment of these receivables, and made the collections. The attorneys for Fendi had full knowledge of Rosenthal and Rosenthal's relationship with Ashley Reed, and served a subpoena on Rosenthal and Rosenthal. The attorneys for Fendi were notified that Rosenthal and Rosenthal had the invoices and records for receivables for Fendi-branded products sold by Ashley Reed. The records of Rosenthal and Rosenthal, LLC were made available for inspection by the attorneys for Fendi, however they chose not to inspect the records.

New York, New York
April 28, 2009

Gerard F. Dunne