UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FENDI ADELE S.R.L., FENDI S.R.L., and
FENDI NORTH AMERICA, INC.,

                Plaintiffs,

    -against-

ASHLEY REED TRADING, INC.,
SCOTT RESSLER, and JAMES RESSLER,

                Defendants.
------------------------------------------------------------X

06 Civ. 243 (RMB) (MHD)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/9/10

## I. Background

Defendant James Ressler ("Ressler") has filed objections, dated May 27, 2008 ("Objections"), to two discovery orders issued by United States Magistrate Judge Michael H. Dolinger on May 14 and 16, 2008. Ressler filed additional objections, dated June 6, 2008 ("Additional Objections"), to a discovery order issued by Judge Dolinger on May 27, 2008.

The Order issued by Judge Dolinger on May 14, 2008 denied an application submitted by Ressler, dated May 7, 2008 ("Application"), for a protective order or stay with respect to "the proposed taking of . . . Ressler's deposition[] until the completion of his pending criminal case in Georgia." (Order, dated May 14, 2008 ("May 14 Order"), at 1.) On May 15, 2008, Ressler wrote to Judge Dolinger to request reconsideration of the May 14 Order. (Letter from David I. Schoen to Hon. Michael H. Dolinger, dated May 15, 2008.) The order issued by Judge Dolinger on May 16, 2008 denied reconsideration of the May 14 Order. (Order, dated May 16, 2008 ("May 16 Order"), at 1.)

On May 27, 2008, Ressler wrote to advise the court that the "deposition is now scheduled to go forward over Mr. Ressler's objection on May 29, 2008, leaving him no option but to invoke

his rights under the Fifth Amendment[.]" (Letter from David I. Schoen to Hon. Michael H. Dolinger, dated May 27, 2008.) That same day, Judge Dolinger issued an order ("May 27 Order") (together with the May 14 and 16 Orders, the "Discovery Orders") which determined that "defendant [Ressler] has had a more than ample opportunity to brief his application for a protective order (including a lengthy letter application and request for reconsideration). The protective order was denied and remains denied." (May 27 Order at 1.)

In the Objections, Ressler argues, among other things, that: (1) "[t]here was no authority for the Magistrate Judge's <u>sua sponte</u> transformation of [Defendant Ressler's pre-motion] conference request letter [dated May 7, 2008] . . . into a formal motion"; (2) "the underlying issue involves a matter affecting a fundamental constitutional right . . . which could be dispositive" and "should not be one that is at all referred to the Magistrate Judge"; and (3) the May 14 Order is clearly erroneous and contrary to law because it "ignores the requisite balancing of relevant factors set out by the Second Circuit . . . and, specifically, the Court ignores the prejudice likely to flow from forcing Mr. Ressler into the position of having no meaningful choice but to invoke his Fifth Amendment rights." (Def. James Ressler's Objections to May 14 and 16 Orders at 3–4, 11.)

The Additional Objections challenge the May 27 Order insofar as Judge Dolinger "reaffirmed his denial of Mr. Ressler's request of a protective order" but do not raise new substantive legal arguments beyond those contained in the Objections. (Def. James Ressler's Objections to May 27 Order, dated June 6, 2008, at 1–2.) Plaintiffs Fendi Adele S.r.l, Fendi S.r.l., and Fendi North America, Inc. ("Plaintiffs") did not file a response to the Objections or the Additional Objections.

**For the reasons set forth below, the Discovery Orders are affirmed.**

## II. Legal Standard

When considering objections to discovery rulings issued by a magistrate judge, the reviewing court shall "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A); Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). "A decision is 'clearly erroneous' when [a] [c]ourt is, 'upon review of the entire record, [ ] left with the definite and firm conviction that a mistake has been committed.'" McAllan v. Von Essen, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007) (citation omitted). "A discovery order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc., No. 04 Civ. 6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007).

A magistrate judge's "discovery order is entitled to substantial deference and a party seeking to overturn it bears a heavy burden." Hershey Foods Corp. v. Collegiate Mktg., Inc., No. 95 Civ. 10526, 1996 WL 689386, at *1 (S.D.N.Y. Nov. 26, 1996).

## III. Analysis

Having reviewed the record herein, including, among other things, Judge Dolinger's Discovery Orders, Ressler's Objections and Additional Objections, and applicable legal authorities, the Court concludes that Judge Dolinger's Discovery Orders are not clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a).[1]

### (1) **Application for Protective Order or Stay of Deposition**

Judge Dolinger did not abuse his discretion by construing Ressler's seven-page letter,

---

[1] As to any portions of the Discovery Orders to which no objections have been made, the Court concludes that the Discovery Orders are not clearly erroneous. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Any of Ressler's Objections not specifically addressed in this Order have been considered de novo and rejected.

dated May 7, 2008, as an "application by defendant James Ressler for an order postponing his deposition until the completion of his criminal trial." (Order, dated May 8, 2008 ("May 8 Order"), at 1.) Ressler cites no authority, and the Court has found none, indicating that this was an abuse of discretion. See Nat'l W. Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., No. 93 Civ. 7244, 2000 WL 33665340, at *1 (S.D.N.Y. Nov. 14, 2000) ("[T]he Court denies the request for a pre-motion conference. Treating National Western's October 31, 2000 letter as constituting a motion regarding these matters, the Court denies that motion as well."). And, Judge Dolinger gave Ressler an adequate opportunity to submit a substantive reply brief. (May 8 Order at 1.)

### (2) Authority of the Magistrate Judge

Ressler has not shown how the Application is "dispositive of a claim or defense of a party," and, consequently, has not shown that Judge Dolinger exceeded his authority under Fed. R. Civ. P. 72(a). See United States v. Certain Real Property & Premises Known as 1344 Ridge Road, Laurel Hollow, Syosset, N.Y., 751 F. Supp. 1060, 1061 (E.D.N.Y. 1989); see also Computerland Corp. v. Batac, Inc., No. 88 Civ. 8624, 1989 WL 2720, at *1 (S.D.N.Y. Jan. 12, 1989) ("The [m]agistrate [judge']s consideration of defendant['s] assertion of his privilege against self-incrimination at a deposition is a nondispositive matter.").

### (3) Denial of Protective Order and Stay

Judge Dolinger did not abuse his discretion by denying the Application in the May 14 Order or by denying reconsideration in the May 16 Order and in the May 27 Order. See Jackson v. Johnson, 985 F. Supp. 422, 425 (S.D.N.Y. 1997). Judge Dolinger properly determined that in the interest of "bringing this litigation to a reasonably prompt close . . . a further stay is not warranted" because: "the deposition has already been delayed since September 2006"; there is

4

"no clear indication as to when the criminal case will end"; "discovery in this case is now scheduled to end this month"; and denying a stay "will not prejudice Mr. Ressler in his criminal case." (May 14 Order at 1); see Jackson, 985 F. Supp. at 425 n.3 ("Even where simultaneous civil and criminal proceedings might require the civil defendant to invoke his Fifth Amendment privilege, the courts have the discretion to refuse to stay the civil proceeding."); see also Hicks v. City of New York, 268 F. Supp. 2d 238, 243 (E.D.N.Y. 2003).

Judge Dolinger also properly determined, among other things, that the "application points to no facts or law overlooked by the court (whether or not explicitly cited)." (May 16 Order at 1; see also May 27 Order ("[D]efendant has had a more than ample opportunity to brief his application[.]")); Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . .").

## IV.   Conclusion and Order

For the reasons set forth above, the Court affirms the Discovery Orders.

Dated: New York, New York
February 9, 2010

*RMB*

RICHARD M. BERMAN, U.S.D.J.