UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
FENDI ADELE S.R.L., FENDI S.R.L., and :
FENDI NORTH AMERICA, INC., :
                                      :
            Plaintiffs,               :
                                      :  Case No.: 06-CV-0243 (RMB) (MHD)
      -against-                       :
                                      :
ASHLEY REED TRADING, INC.,            :
SCOTT RESSLER and                     :
JAMES RESSLER,                        :
                                      :
            Defendants.               :
------------------------------------- X

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST (DOC. 120) FOR RECONSIDERATION OF THE DECISION GRANTING SUMMARY JUDGMENT DISMISSING DEFENDANTS' AFFIRMATIVE DEFENSES OF LACHES AND ACQUIESCENCE**

Plaintiffs respectfully submit this memorandum in opposition to defendants' motion for reconsideration of the Court's Decision and Order dated February 16, 2010 granting summary judgment, (Doc. 116) (2010 U.S. Dist. LEXIS 13934)(the "*February 16 Decision*") to the extent that it dismissed defendants' affirmative defenses of laches and acquiescence. Defendants' motion is nothing more than an attempt to rehash the same unsuccessful arguments raised in their opposition to summary judgment and to re-litigate matters upon which the Court has already ruled. Their motion does not cite any controlling law, material facts, or documents in the record that the Court failed to consider. Accordingly, defendants' motion should be denied.

POINT I

**DEFENDANTS VIRTUALLY IGNORE THE STANDARD APPLICABLE TO THEIR MOTION FOR RECONSIDERATION**

Defendants' single-sentence recitation of the standard of review that governs their motion ignores the heavy burden they face. Reconsideration is an "extraordinary remedy, to be

1

employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000); *see also Tatum v. City of New York*, 2009 U.S. Dist. LEXIS 35391, at *2-*3 (S.D.N.Y. Apr. 9, 2009) (denying reconsideration of motion for summary judgment).

A motion pursuant to Local Civil Rule 6.3 motion is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *In Re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996); *see also Kingsway Fin. Servs. v. Pricewaterhouse-Coopers LLP*, 2008 U.S. Dist. LEXIS 69117, at *10 (S.D.N.Y. Sept. 12, 2008). Rather, the rule permitting motions for reconsideration is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *PGM Invs., Inc, v. New York Futures Exch., Inc.*, 288 F. Supp.2d 519, 523 (S.D.N.Y. 2003) (internal quotation and citation omitted). A moving party must establish: (a) that the court overlooked controlling law or relevant facts, and (b) that such law or facts, had they not been overlooked, might reasonably have altered the court's decision. *See Commerce Funding Corp. v. Comprehensive Habilitation Servs.*, Inc., 233 F.R.D. 355, 360 (S.D.N.Y. 2005). The instant motion fails to satisfy either prong of the reconsideration standard.

**POINT II**

**THE COURT'S HOLDING THAT DEFENDANTS ACTED IN BAD FAITH OBVIATES THEIR EQUITABLE CLAIMS OF LACHES AND ACQUIESCENCE**

As plaintiffs demonstrated in their motion for summary judgment, defendants' bad faith defeats their equitable defenses of laches and acquiescence. (Mem. in Support Mot for Summ. J. at 21 (Docket No. 88)). A cardinal rule in assessing any defense grounded in equity (such as laches and acquiescence) is that "he who comes into equity must come with clean hands." *Precision Instrument Mfg Co. v. Automotive Maintenance Machinery*, 324 U.S. 806, 814 (1945).

Consistent with that rule, a finding of bad faith is sufficient to defeat a claim of laches/ acquiescence. *See Tri-Star Pictures, Inc. v. Unger*, 14 F. Supp. 2d 339, 362 (S.D.N.Y. 1998) (citation omitted); *see also Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 2007 U.S. Dist. LEXIS 75812, *13-*14 n.1 (S.D.N.Y. Oct. 10, 2007). This Court found that defendants acted in bad faith based on uncontroverted evidence:

> *The record in this case also reflects Defendants' bad faith* because Alberto Fabbri, Plaintiffs' chief financial officer, testified that he examined several invoices produced by Defendants purporting to be issued to Fendi or its suppliers, some dated as early as 1999, and that he determined that these invoices are not genuine. . . . *Further evidence of bad faith includes*: Defendants' acknowledgment that in 2003 James Ressler removed from an agreement between Ashley Reed and Filene's Basement a warranty that "Seller [i.e., Ashley Reed] has the legal right to sell the Merchandise," . . . and Defendants' acknowledgment that, without investigating the genuineness of the Fendi-branded merchandise in their inventory after this lawsuit was initiated, they returned that merchandise to its sources . . . .

*February 16 Decision*, 2010 U.S. Dist. LEXIS 13934, at *46 n.11 (S.D.N.Y. Feb. 16, 2010) (citation omitted, emphasis added). Defendants do not seek reconsideration of the Court's finding in this regard, nor could they. Given defendants' unclean hands, their equitable defenses of laches and acquiescence fail as a matter a law and their motion for reconsideration should be denied.

## POINT III

**DEFENDANTS HAVE OTHERWISE FAILED TO MEET THEIR BURDEN OF PROOF FOR RECONSIDERATION**

The Court considered defendants' affirmative defenses of laches and acquiescence, correctly determined that they were meritless, and properly found that plaintiffs were entitled to summary judgment. *February 16 Decision,* 2010 U.S. Dist. LEXIS 13934, at *22-*27. As the Court noted, "[a]cquiescence is implied by active consent, which is 'conduct on the plaintiff's

3

part that amount[s] to an assurance to the defendant, express or implied, that the plaintiff would not assert his trademark rights against the defendant.'" *Id*. at *23 (quoting *Info. Superhighway, Inc. v. Talk Am., Inc*., 274 F. Supp. 2d 466, 472 (S.D.N.Y. 2003)).  Defendants failed to adduce *any* evidence that plaintiffs (i) made *any* assurances whatsoever that they would not assert their rights against defendants or (ii) *ever* consented to defendants' continuous course of counterfeiting.  Defendants purport to rely on plaintiffs' alleged "silence," but, as plaintiffs argued on the motion for summary judgment, "silence is far from active acquiescence in trademark actions." *Toyota Motor Corp. v. Ailments Lexus Inc.*, 2004 U.S. Dist. LEXIS 10729, at *11 (E.D.N.Y. June 14, 2004); *see also* Reply Mem, in Support of Mot. for Sum. J. at 9 (Doc. 105).

Defendants' reiterated claim that the Court "overlooked" evidence is demonstrably incorrect.  Defendants themselves acknowledge that plaintiffs sent a cease and desist letter in 2001 because Ashley Reed was selling counterfeit Fendi-branded merchandise.  (*February 16 Decision,* 2010 U.S. Dist. LEXIS 13934, at *23 (citing deposition testimony of S. Ressler); *see also id.* at *11-*12).  Furthermore, as the Court observed, Scott Ressler testified that after receiving the cease and desist letter he was advised in a meeting with Fendi's counsel that the Fendi-branded merchandise that Ashley Reed was selling was counterfeit. *Id*. at *12.  Thus, the Court did not "overlook" meetings that took place after defendants received the cease and desist letter; rather, it rejected defendants' argument, and did so based on Scott Ressler's own testimony regarding those meetings.  Defendants argue, moreover, that "the effect of [a] cease and desist letter can be ameliorated . . . by responding to the letter with a good faith proposal to change the allegedly infringing conduct," but they never adduced any evidence that they made any such proposal.  (Mot. at 3).

4

The Court also correctly rejected defendants' laches argument after thorough consideration. *See February 16 Decision,* 2010 U.S. Dist. LEXIS 13934, at *24-*27. "In evaluating whether [a] plaintiff's delay in taking action was sufficiently long to invoke laches in a Lanham Act suit, the Second Circuit has held that the six-year statute of limitations applicable to fraud claims under New York state-law is the appropriate measure." *Id*. at *25-*26 (quoting *Fitzpatrick v. Sony-BMG Music Entm't, Inc*., No. 07 Civ. 2933, 2008 U.S. Dist. LEXIS 1164 (S.D.N.Y. Jan. 8, 2008). The "mere passage of time cannot constitute laches." *Carl Zeiss Stiftung v. Veb Carl Zeiss Jena*, 433 F.2d 686, 704 (2d Cir. 1970).

It is undisputed that Fendi filed suit within the six-year limitations period for fraud, which defendants acknowledge to be the benchmark for determining issues of laches. In their motion for reconsideration, they further acknowledge that plaintiffs "clearly charged Ashley Reed with counterfeiting" in 2001 (Mot. at 2) and that plaintiffs filed suit four years later -- well within the six-year limitations period. (Mot. at 3). Although defendants (again) argue that Fendi delayed unreasonably, they (again) ignore that "[a]ny acts after receiving a cease and desist letter are at the defendant's own risk because it is on notice of the plaintiff's objection to such acts." *Id*. at *27 (quoting *Elvis Presley Enters. v. Capece*, 141 F.3d 188, 205 (5th Cir. 1998)); *see also Dallas Cowboys Football Club, Ltd. v. Am.'s Team Props*., Inc., 616 F. Supp. 2d 622, 634 (N.D. Tex. 2009) ("[A]ny time lapse after a trademark plaintiff issues a cease and desist letter to the defendant does not count for the purposes of laches[.]"). Because the Court properly determined that defendants' affirmative defenses were meritless, their new argument that those affirmative defenses could impact money damages (Mot. at 5) is both improper and irrelevant.[1]

---

[1] Defendants' reliance on *Dial-A-Mattress Operating Corp. v. Mattress Madness*, 841 F. Supp. 1339 (E.D.N.Y. 1994) is misplaced. In that case, the court *rejected* the defendants' equitable defense of

In the end, defendants are advancing the same rejected arguments for the second time. *Pannonia Farms, Inc. v. USA Cable*, 2004 U.S. Dist. LEXIS 15737, at *2 (S.D.N.Y. Aug. 9, 2004) (reconsideration not a 'second bite at the apple' for party dissatisfied with court's ruling."). Because they have failed to demonstrate a basis for the Court to employ the extraordinary remedy of reconsideration here, their motion should be denied.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court deny defendants' motion.

New York, New York
April 23, 2010

Respectfully submitted,

SQUIRE, SANDERS & DEMPSEY L.L.P.

By _____
     Richard L. Mattiaccio (RM 4764)
     Victor Genecin (VG 9733)
     Steven Skulnik (SS 7821)

     1095 Avenue of the Americas, 31st Floor
     New York, NY  10036
     (212) 872-9800

     *Attorneys for Plaintiffs*
     FENDI ADELE S.r.l., FENDI S.r.l., and
     FENDI NORTH AMERICA, INC.

NEWYORK/129217.5
100743.00005

---

laches and granted plaintiffs an injunction.  In addition, the court recognized that a simple warning letter suffices to defeat a laches defense.  *See id*. at 1357 (citation omitted).