UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FENDI ADELE S.R.L., FENDI S.R.L., and FENDI NORTH AMERICA, INC.,<br><br>           Plaintiffs,<br><br>     -against-<br><br>ASHLEY REED TRADING, INC., SCOTT RESSLER and JAMES RESSLER,<br>           Defendants. | Case No.:  06-CV-0243 (RMB)(MHD)<br><br><br><br><br>DECLARATION OF<br>RICHARD L. MATTIACCIO<br>IN SUPPORT OF PLAINTIFFS'<br>APPLICATION FOR AN AWARD OF<br>LEGAL FEES AND DISBURSEMENTS |

**RICHARD L. MATTIACCIO,** an attorney admitted to the practice of law before this Court, declares under penalty of perjury as follows:

1.  I am a member of the law firm of Squire, Sanders & Dempsey L.L.P ("Squire Sanders"), counsel for the plaintiffs herein.  Before joining Squire Sanders, I was counsel for the plaintiffs at my prior law firm, Pavia & Harcourt LLP ("P&H").

2.  On February 16, 2010, Judge Berman filed a Decision and Order (Doc. 116)(2010 U.S. Dist. LEXIS 13934)(the "*February 16 Decision*") granting summary judgment for plaintiffs for trademark counterfeiting (15 U.S.C. § 1114(a)), false designation of origin (15 U.S.C. § 1125(a)), trademark dilution under federal and New York state law (15 U.S.C. § 1125 (c) & N.Y. Gen. Bus. L § 360-1) and unfair competition under the common law of New York.

3.  I respectfully submit this Declaration, which constitutes Plaintiffs' Application for an Award of Attorneys' Fees and Disbursements pursuant to 15 U.S.C. §1117, which requires defendants who have been found to have committed willful trademark counterfeiting to pay plaintiffs' reasonable attorneys' fees and the costs of the action.  This Declaration is based

on personal knowledge and on documents maintained in the ordinary course of business by my present and former law firms.

4. Between January 5, 2006 and February 28, 2010, my former law firm, Pavia & Harcourt, LLP and my present firm, Squire, Sanders & Dempsey L.L.P., devoted significant time and resources to prosecuting plaintiffs' claims in this litigation, including 1868.7 hours of attorney and staff time amounting to fees of $608,715.50.  This is equal to a blended rate for all timekeepers of $326 per hour.[1]  In addition, plaintiffs have incurred expenses in connection with litigating this matter that total $81,302.47.

5. Plaintiffs seek to recover their attorneys' fees and disbursements as reflected in the contemporaneous time and disbursements records contained within the billing records of my current and former firms, together with the invoices submitted by the suppliers of services for which disbursements were incurred.  These documents are annexed hereto as follows:

| PERIOD | DOCUMENT(S) | EXHIBIT |
|---|---|---|
| 1/5/2006 - 6/30/2007 | Invoices of P&H | **Exhibit 1** |
| 7/01/2007 - 2/28/2010 | Invoices of Squire Sanders | **Exhibit 2** |
| 2/21/2006 - 2/28/2010 | Disbursements from Trust Account of P&H and Squire Sanders | **Exhibit 3** |

6. The annexed exhibits include all legal services rendered and time spent communicating with our clients regarding the status of the case.  The detailed time records have

---

[1] Although rates increased over time, the discounted hourly rates for the three experienced New York attorneys who recorded substantial time to this matter reached their peak in 2009-2010 at $550 (Mattiaccio, as compared to a standard rate of $695 in 2009 and $730 in 2010), $450 (Skulnik, as compared to a standard rate of $580 in 2009 and $610 in 2010), and $400 (Genecin, as compared to a standard rate of $540 in 2009 and $570 in 2010).

been redacted to remove the privileged matter that is in the diary portion.  In addition, as reflected in handwritten notations on Exhibit 1, three P&H time entries  -- dated 08/04/06, 10/04/06 and 10/24/06 -- are not included in this application, in that the amounts requested have been correspondingly reduced, because these entries did not concern this case.  Plaintiffs will submit the unredacted billing records for *in camera* review upon the Court's request.

7. With regard both to Squire Sanders and to P&H, the hourly rates are the same as, or lower than, those commonly charged by plaintiffs' counsel to their regular clients.  With regard to disbursements, these expenses are reflected in the books and records of the respective firms prepared from expense vouchers, receipts, statements and other records and are a true and accurate summary of the expenses for this case.  Disbursements are billed on the basis of cost.

8. I am a 1978 graduate of Columbia Law School, and served as a federal appellate judicial law clerk.  I was admitted to practice in New York in 1979 and have thirty years of experience in civil and commercial litigation in the federal and state courts of New York.  I have brought and defended civil lawsuits concerning trademark rights.  I have twenty-five years of experience in representing Italian enterprises and their U.S. subsidiaries in litigation and arbitration arising from their business activities in the United States, and am fluent in Italian business and legal language.  I have acted as New York litigation counsel for the Fendi plaintiffs and predecessor entities in Lanham Act and other cases from October 1992, when my former partner who had represented Fendi became a federal district judge, until 2001, and then again from 2005 to the present.

9. Victor Genecin, the lawyer who recorded the greatest amount of the time that my former and current firms have invested in this matter, is a 1981 graduate of Georgetown University Law Center, admitted to practice in New York since 1982 and in Massachusetts in

3

1995. He has litigated extensively in the federal and state courts of New York and in federal courts in other states. He, too, is fluent in the Italian language, and has previously represented the Fendi companies in a jury trial in this District.

10. The Italian-language proficiency of our team has resulted in efficiencies in document review and witness preparation.

11. My educational and professional background, and the educational and professional backgrounds of the other lawyers who have devoted substantial time to this case, are set forth in the attached biographies, which are copied from the respective firms' websites and are incorporated herein as Exhibit 4.

12. For all of the foregoing reasons and upon the evidence contained in this Declaration, plaintiffs respectfully request that the Court grant plaintiffs' application for attorneys' fees in the amount of $608,715.50, reflecting the hours expended at reasonable hourly rates on behalf of plaintiffs, together with interest as provided by law, and that the Court further grant plaintiffs the payment by defendants of plaintiffs' disbursements of $81,302.47 of combined out-of pocket expenses and trust account expenses.

I declare under the penalty of perjury that the foregoing is true and correct and was executed this 23rd day of April, 2010 at New York, New York.

_____
Richard L. Mattiaccio (RM 4764)

NEWYORK/129210.2