USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/11/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FENDI ADELE S.R.L., FENDI S.R.L., and
FENDI NORTH AMERICA, INC.,

               Plaintiffs,

     -against-

ASHLEY REED TRADING, INC.,
SCOTT RESSLER, and JAMES RESSLER,

               Defendants.
------------------------------------------------------------X

06 Civ. 243 (RMB) (MHD)

**ORDER**

## I.   Background

By Decision and Order, dated February 16, 2010 ("Order"), the Court granted in part and denied in part a motion for summary judgment filed by Fendi Adele S.r.l., Fendi S.r.l., and Fendi North America, Inc. (collectively, "Fendi" or "Plaintiffs"). (See Order.)

On March 2, 2010, Ashley Reed Trading, Inc., Scott Ressler, and James Ressler ("Defendants") moved for reconsideration of the Order insofar as it granted summary judgment to Plaintiffs with respect to Defendants' affirmative defenses of acquiescence and laches, arguing, among other things, that the Order "overlooks relevant facts as to the 2001 meetings between Ashley Reed and Fendi's attorney, Anthony Cannatella, subsequent to the 2001 cease and desist letter," namely "assurances given by Mr. Cannatella to Ashley Reed." (Defs.' Request for Reconsideration of the Decision Granting Summ. J. Dismissing Defs.' Affirmative Defenses of Laches & Acquiescence, dated Mar. 2, 2010 ("Mot."), at 2–3.)

On April 23, 2010, Plaintiffs filed an opposition arguing, among other things, that Defendants do not "cite any controlling law, material facts, or documents in the record that the Court failed to consider"; and that the Court "properly found that [P]laintiffs were entitled to

summary judgment" as to Defendants' affirmative defenses of acquiescence and laches. (Pls.' Opp'n to Defs.' Mot., dated Apr. 23, 2010 ("Pl. Opp'n"), at 1, 3.)

On May 7, 2010, Defendants filed a reply. (See Defs.' Reply to Pl. Opp'n, dated May 7, 2010.)

**For the reasons set forth below, Defendants' motion for reconsideration is denied.**

## II. Legal Standard

Pursuant to Local Civil Rule 6.3, timely motions for reconsideration are allowed but "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see Padilla v. Maersk Line, Ltd., No. 07 Civ. 3638, 2009 WL 1839001, at *2 (S.D.N.Y. June 24, 2009). "[A] motion for reconsideration is 'not designed to accord an opportunity for the moving party, unhappy with the results, to take issue with the Court's resolution of matters considered in connection with the original motion.'" Eon Labs, Inc. v. Pfizer Inc., 05 Civ. 2, 2005 WL 2848952, at *3 (S.D.N.Y. Oct. 28, 2005) (quoting USA Certified Merchs., LLC v. Koebel, 273 F. Supp. 2d 501, 502–04 (S.D.N.Y. 2003)); see also Fed. R. Civ. P. 59(e). And, "a party may not 'advance new facts, issues or arguments not previously presented to the Court.'" Dellefave v. Access Temps., Inc., No. 99 Civ. 6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001) (citation omitted).

## III. Analysis

Defendants have failed to identify any "controlling decisions or data" that this Court overlooked and/or that might reasonably have altered the Order. Shrader, 70 F.3d at 257; Dellafave, 2001 WL 286771, at *1.

The Order does, in fact, consider the arguments that Ashley Reed "met with Fendi's attorney in a good-faith effort to resolve the matter" in 2001 and that "no further communication occurred until the initiation of the current suit, more than 4 years later."[1] (Mot. at 2–3; see also Order at 6–7 ("'In 2001, Ashley Reed, with [its] attorney Brett Meyer, met more than once with . . . the attorneys for Fendi[.]' . . . 'After these meetings in 2001, Fendi did not contact Ashley Reed regarding allegations of counterfeit goods until the initiation of this current dispute in late 2005.'").) Among other things, the Court reviewed: (i) Scott Ressler's statements that Defendants "met more than once with Fendi's attorney" in 2001, and that "[I was] told by Fendi's attorney that if Fendi found any problems with the documentation [submitted by Ashley Reed], he would contact me," (Decl. of Scott Ressler, dated Apr. 24, 2009, ¶¶ 19–21); (ii) the letter from Ashley Reed's counsel to Fendi's counsel, dated September 10, 2001, (see Decl. of Joseph A. Dunne, dated Apr. 28, 2009, Ex. 4 (Ltr. from Brett J. Meyer to Anthony Panatella, Esq., dated Sept. 10, 2001)); and (iii) all of the other arguments and materials that Defendants previously presented in opposition to Plaintiffs' summary judgment motion. (See Defs.' Mem. of Law in Supp. of Their Resp. in Opp'n to Pls.' Mot. for Summ. J., dated Apr. 30, 2009, at 9–11); see also Road Dawgs Motorcycle Club of U.S., Inc. v. "Cuse" Road Dawgs, Inc., No. 05 Civ. 966, 2009 WL 5185809, at *13 (N.D.N.Y. Dec. 22, 2009); Fourth Toro Family Ltd. P'ship v. PV Bakery, Inc., 88 F. Supp. 2d 188, 198 (S.D.N.Y. 2000).

The new contentions included in Defendants' motion for reconsideration – i.e., that "by

---

[1] The Order found, among other things, that "Plaintiffs are entitled to summary judgment as to Defendants' affirmative defense of acquiescence because, among other reasons, Defendants fail to adduce any evidence that Plaintiffs made assurances that they would not assert their rights in the Fendi Marks against Defendants" and "Plaintiffs are entitled to summary judgment as to Defendants' affirmative defense of laches because, among other reasons, Defendants adduce no evidence that Plaintiffs unreasonably delayed in bringing suit or that Defendants were prejudiced." (Order at 14–15.)

delaying for over 4-years Fendi effectively prejudiced Ashley Reed in the current litigation by reducing Ashley Reed's access to possible documents and witnesses" and that "Ashley Reed was certainly prejudiced by [its] substantial expenditures spent in continuing to develop [its] gray market business," (Mot. at 3, 7) – do not support reconsideration because "[t]he moving party may not raise new facts, issues or arguments not previously presented to the court on a motion for reconsideration." Steinberg v. Ericsson LM Tel. Co., No. 07 Civ. 9615, 2008 WL 1721484, at *1 (S.D.N.Y. Apr. 11, 2008).

Defendants cannot demonstrate prejudice because, among other reasons, they "discarded crucial financial records after (as little as) one year"; they "'didn't always keep . . . invoices from Fendi' and other documentation of Ashley Reed's suppliers"; and they failed to adduce evidence of their alleged expenses. (Order at 33); see also Fourth Toro, 88 F. Supp. 2d at 198; Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 854 (2d Cir. 1995) (defendants failed to "produce any of the documents routinely used to prove expenses (e.g., cancelled checks)").

## IV. Conclusion and Order

For the reasons set forth herein and in the February 16, 2010 Order, Defendants' motion for reconsideration [#120] is denied.

Dated: New York, New York
      May 11, 2010

                                                                    **RICHARD M. BERMAN, U.S.D.J.**