| | |
|---|---|
| UNITED STATES DISTRICT COURT | ECF CASE |
| SOUTHERN DISTRICT OF NEW YORK | |
| ------------------------------------------------x | |
| FENDI ADELE S.R.L., FENDI S.R.L.    : | |
| and FENDI NORTH AMERICA | Civil Action No. |
|                                                             : | |
|            Plaintiffs, | 06 CIV 0243 (RMB)(MHD) |
|                                                             : | |
|            vs. | |
|                                                             : | |
| ASHLEY REED TRADING, INC. | |
| SCOTT RESSLER                           : | |
| and JAMES RESSLER | |
|                                                             : | |
|            Defendants. | |
| ------------------------------------------------x | |

**DEFENDANTS' REPLY TO PLAINTIFF'S PARTIAL OBJECTION TO THE REPORT & RECOMMENDATION OF MAGISTRATE JUDGE DOLINGER**

**I.      SUMMARY**

Fendi seeks to avoid its burden of proof, and relies instead upon presumptions in order to establish the relevant period of liability, despite clear evidence in the record of this case supporting a contrary finding at trial.

Twenty examined bags were found to be counterfeit. All of the twenty examined bags of Ashley Reed that were found to be counterfeit (hereinafter the "Examined Bags,") were purchased in a relatively narrow window in 2005. And, importantly, Fendi acknowledges the receipt and/or purchase of multiple samples of Fendi-branded goods from Ashley Reed prior to 2005, yet, tellingly, no counterfeit bags acquired from Ashley Reed prior to 2005 have been produced.

This evidence assuredly provides a reasonable basis from which a jury could conclude that the goods offered by Ashley Reed prior to 2005 were authentic.

II.     ARGUMENT

### POINT A

### FENDI HAS PRESENTED NO EVIDENCE OF COUNTERFEITING PRIOR TO 2005

The Examined Bags are the sole basis for the finding of Ashley Reed's counterfeiting, and it is undisputed that all of the Examined Bags were purchased in 2005, or retrieved from Ashley Reed's customer's (Filene's Basement) warehouse in 2007. (See *56.1 - Defendants' Statement of Material Facts as to Which There are Genuine Disputes,* Docket Entry No. 98, ¶ 5.)

It is well documented, and undisputed by Fendi that Fendi has been investigating defendants since late 2000, and had obtained Fendi-branded goods from Ashley Reed as far back as late 2000, yet no allegedly counterfeit items from prior to 2005 have been offered. (*Id*. at ¶ 6-10; *S. Ressler Decl*. ¶ 19-21; See also *J. Dunne Decl*. Ex. 4.)

Further, in its Partial Objection to The Report and Recommendation, Docket Entry No. 144 ("Fendi's Objections"), Fendi acknowledges the finding of this court in *Fendi Adele S.r.l v. Filene's Basement, Inc*., 696 F. Supp. 2d 368, 374 (S.D.N.Y 2010), that in 2001 "[Filene's] sent two Fendi-branded handbags to Fendi's counsel." *Id*.; citing *Judith Barr Dep*. at 19:13-16, 19:20-25, 21:16-22.) Fendi and this court has also acknowledged that Ashley Reed was the source of the alleged counterfeit goods provided by Filene's in 2001. *Id*. at 373-374.

At no point in this litigation has Fendi provided a reason why such bags, if they were tested and found to be counterfeit, are not before the court in the present case. The most likely explanation being that such bags were tested and found not to be counterfeit.

Filene's Basement was found liable for infringement, however, similar to the present case. But contrary to what is suggested in Fendi's Objections, this court did not

address the relevant infringement period for such a calculation. Since this court was not awarding damages, such an evaluation was not necessary for the summary judgment opinion finding liability, because as stated in both the Filene's Basement opinion and in Fendi's Objections, "liability was established" and "the amount of harm that the infringer inflicts goes to the amount of damages rather than to his liability." See *Fendi's Objections*, at. p. 4-5; quoting *Fendi Adele S.r.l*, 696 F. Supp. at 385 n.15. Accordingly, such a determination is part and parcel to the damage calculation in this case, but was not necessary for a determination of liability. *Id*.

Fendi's Objections also seek to rely on findings made by the Honorable Judge Sand in *Fendi Adele S.r.l v. Burlington Coat Factory Warehouse Corp.*, 2010 U.S. Dist. LEXIS 10628 (S.D.N.Y 2010). However such finding are not relevant to this case since, though the cases were consolidated for discovery, the record made in the respective actions are separate and differ, and the record of this case includes substantially more detailed testimony of Scott Ressler. As the Report and Recommendation of Magistrate Judge Dolinger ("R&R") acknowledges, Scott Ressler in his deposition testified that "[Ashley Reed] obtained merchandise from Fendi manufacturers to whom he was introduced by a Fendi inspector named Lorenzo Bandinelli." *R&R* at 27; citing *Dunne Decl.*, Ex. 3 at 75, 82-83. And further, "After visiting the factories, Ressler stated, he worked with a co-worker of Mr. Bandinelli named Paola to place orders with Lawrence Samuel." *R&R* at 28; citing *Dunne Decl.*, Ex. 3 at 433-34. Scott Ressler has repeatedly testified that Ashley Reed purchased goods directly from (what Ashley Reed believed to be) authorized Fendi Manufacturers.

Not only is there a lack of evidence to support a finding that Ashley Reed's goods were counterfeit prior to 2005, the lack of evidence combined with the known investigations of Fendi going back to 2001 could well support a finding by a jury that

3

goods prior to 2005 were not counterfeit.

## POINT B

### ASHLEY REED HAS DEFENDED THIS CASE IN GOOD-FAITH

For the first time in this case, Fendi seeks to attack the good-faith defense and litigation of this case by Ashley Reed.

Fendi does not cite to any delay tactics or bad-faith litigation actions of Ashley Reed, but instead simply makes such sweeping accusations.

Ashley Reed has defended its case, and numerous arguments of Ashley Reed pertaining to the extent of their liability are still before this court.  Ashley Reed is assuredly entitled to defend themselves on such matters, and in fact, both Your Honor and the Honorable Judge Dolinger have substantially agreed with Ashley Reed with regard to several of their defenses.  Such arguments have not been made frivolously.

Further, Fendi did not obtain a Preliminary Injunction or TRO in the present case, yet Ashley Reed voluntarily ceased all sales upon the initiation of the current suit.  So from the onset, this case has been a collection action for damages, and as discussed throughout the briefing the appropriateness of such damages and the amount of any damages should they be awarded, have been at the heart of the good-faith dispute between the parties.

Accordingly an award of pre-judgment interest on the treble damages and an award of interim attorneys's fees are surely not appropriate at this time.

## IV.  CONCLUSION

Fendi has failed to provide adequate justification to extend the finding of counterfeiting by Ashley Reed to bags sold prior to 2005.  Though such an inference, in

4

some case, may be warranted, such an inference is not appropriate in the present case. The record, including the testimony of Ashley Reed combined with the admitted investigations of Fendi going back to 2001, clearly precludes such a finding on summary judgment.

As stated in the R&R, "Defendants have proffered testimony that raises a factual dispute as to whether the merchandise that it sold prior to 2005 infringed on plaintiff's trademarks." *R&R* at 30. Accordingly, Ashley Reed is entitled to a trial regarding such issues!

| | |
|---|---|
| New York, New York<br>Dated: October 12, 2010 | Respectfully Submitted,<br><br>/s/   Gerard F. Dunne<br>Gerard F. Dunne<br>Law Offices of Gerard F. Dunne, P.C.<br>156 Fifth Avenue, Suite 1223<br>New York, New York  10010<br>Tel.: 212-645-2410<br>Jerry.dunne@dunnelaw.net<br>Attorney for Defendants |