```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/19/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FENDI ADELE S.R.L., FENDI S.R.L., and        :
FENDI NORTH AMERICA, INC.,                    :
                                              :
                            Plaintiffs,       :
                                              :          06 Civ. 243 (RMB) (MHD)
            -against-                         :
                                              :          **DECISION & ORDER**
ASHLEY REED TRADING, INC.,                    :
SCOTT RESSLER, and JAMES RESSLER,             :
                                              :
                            Defendants.       :
------------------------------------------------------------X

### I.   Background

On January 12, 2006, Fendi Adele S.r.l. ("Fendi Adele"), Fendi S.r.l., and Fendi North America, Inc. (collectively, "Fendi" or "Plaintiffs") filed a complaint against Ashley Reed Trading, Inc. ("Ashley Reed") and Ashley Reed's sole owners and officers, Scott Ressler, its President, and James Ressler, its Vice President (collectively, "Defendants") pursuant to the United States Trademark Act, 15 U.S.C. §§ 1051 et seq. ("Lanham Act"), Section 360-*l* of the New York General Business Law, and New York common law. (Compl. ¶¶ 1–3.) Plaintiffs alleged, among other things, that Defendants' "offering for sale and selling [of] handbags, shoulder bags, purses, wallets and key chains . . . that imitate the designs of [Fendi products] and that bear reproductions, counterfeits, copies or colorable imitations of the 'FENDI' trademarks" constituted trademark counterfeiting, false designation of origin, and trademark dilution under Federal law, and unfair competition and trademark dilution under New York law. (Compl. ¶¶ 1–3, 37.)

On February 16, 2010, the Court granted summary judgment in favor of Plaintiffs as to their claims of trademark counterfeiting and false designation of origin under the Lanham Act,

common law unfair competition under New York law, and trademark dilution under 15 U.S.C. § 1125(c) and Section 360-*l* of the New York General Business Law. Fendi Adele S.R.L. v. Ashley Reed Trading, Inc., No. 06 Civ. 243, 2010 WL 571804, at *19–20 (S.D.N.Y. Feb. 16, 2010) ("February 16, 2010 Decision"). Among other things, Plaintiffs presented unrebutted testimony that twenty items sold by Defendants were "counterfeit and were not manufactured by Fendi," and Defendants conceded that they are "not sure exactly where these bags . . . came from." The record on summary judgment also reflects Defendants' bad faith, including falsifying Fendi invoices, removing a "right to sell" clause from its warranty agreements, and returning Fendi-branded merchandise after this lawsuit was initiated. Id. at *19–20, 3 n.5, 15 n.11.

The Court also referred the case to United States Magistrate Judge Michael H. Dolinger for a determination as to any "issues of fact and/or credibility that bear on Defendants' willfulness," "the appropriateness of an accounting of Defendants' profits and, if warranted, an assessment of Plaintiffs' damages." Id. at *19–20.

On July 30, 2010, Judge Dolinger issued a report and recommendation ("Report") recommending, among other things, that: (1) Defendants' actions were willful and that they "have not established a triable dispute about the willfulness of their infringement"; (2) Plaintiffs should be awarded $10,486,542.00 (in treble damages) for Defendants' willful trademark counterfeiting in 2005 and 2006 and $970,795.20 in prejudgment interest; (3) "[P]laintiffs' claims for counterfeiting prior to 2005 [should] proceed to a jury trial"; and (4) "an award of [P]laintiffs' costs and reasonable attorneys' fees be postponed until the balance of their claims are resolved." (Report at 38, 2, 3.) The Report instructed the parties that they had "fourteen (14)

days from [July 30, 2010] to file written objections."[1] (Report at 57.)

On September 29, 2010, Plaintiffs, Defendants, and James Ressler (individually) filed objections to the Report (respectively, "Pls. Objections," "Defs. Objections," and "Ressler Objections"). Plaintiffs contend, among other things, that: (1) the Court should adopt Judge Dolinger's recommendation that Defendants acted willfully; (2) the Court should "direct that judgment be entered for Fendi and against [D]efendants for three times the total of [D]efendants' sales, i.e., $29,988,588," plus prejudgment interest; (3) "[n]otwithstanding the clear limitation of the referral to the questions of willfulness and calculation of damages," Judge Dolinger "ignored this Court's February 16, [2010] Decision, and settled law, to recommend that this Court reverse itself and conclude that there exists a disputed issue of fact concerning whether items sold by [D]efendants before 2005 were counterfeit"; and (4) any judgment "should include an award of attorneys' fees and costs." (Pls. Objections at 4, 7, 8, 9–10.)

Defendants contend, among other things, that: (1) the Report erroneously "relies on negative inferences drawn regarding the subjective willful state of mind of [Defendants], despite a lack of any conclusive evidence establishing that the conduct was in fact wil[l]ful"; (2) "Ashley Reed's sales did not total the amount claimed by Fendi's expert, and their profits are not to be measured by their total sales"; and (3) Judge Dolinger was correct to conclude that "there is a lack of evidence to support a finding that Ashley Reed's goods were counterfeit prior to 2005." (Defs. Objections at 5, 18.) Defendants do not appear to respond to Plaintiffs' argument (4), supra.

Defendant James Ressler objects to "such portions of the [Report which] flow from an

---

1   The Court extended the parties' deadline to file objections to the Report to September 29,

incomplete and unfair record, and [which] are a direct result [of Judge Dolinger's] earlier rulings which effectively denied Mr. Ressler the opportunity to testify at his deposition in this case." (Ressler Objections at 2.)

On October 12, 2010, Plaintiffs and Defendants each filed a reply to the other parties' objections.

**For the reasons stated below, the Report is adopted in part and rejected in part. The Court adopts the Report to the extent that it (1) concludes that no triable issue of fact exists with respect to Defendants' willfulness and (2) concludes that Plaintiffs should be awarded $11,457,337.20 in damages and prejudgment interest (combined). The Court respectfully rejects the Report insofar as it (3) recommends "that summary judgment be denied on [P]laintiffs' claims for counterfeiting prior to 2005 and that those claims proceed to a jury trial." Lastly, the Court (4) refers this matter to Judge Dolinger for a determination of Plaintiffs' costs and attorney's fees to date.**

## II.   Legal Standard

The Court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may adopt any portions of a magistrate judge's report to which no objections have been made and which are neither clearly erroneous nor contrary to the law. See Thomas v. Arn, 474 U.S. 140, 150–52 (1985). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir.

---

2010. (See Admin. Order, dated Aug. 12, 2010.)

1989); Chanel, Inc. v. Louis, No. 06 Civ. 5924, 2009 WL 4639674, at *3 (E.D.N.Y. Dec. 7, 2009).

## III. Analysis

The facts as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review of, among other things, the record herein, the February 16, 2010 Decision, the Report, the parties' Objections and replies, and applicable legal authorities.[2]

### (1) Willfulness

Judge Dolinger correctly concluded, among other things, that there was ample evidence of Defendants' "failure to discern the source of [Fendi] merchandise" despite being on notice of the existence of counterfeit Fendi goods in the marketplace since 2001 (Report at 33) and of Defendants' failure to maintain records of their receipt and sale of Fendi merchandise. (Report at 35.) This evidence justified "a finding that [D]efendants' willfulness has been established beyond triable dispute." (Report at 37); see N. Am. Karaoke-Works Trade Ass'n v. Entral Group, Int'l, No. 06 Civ. 5158, 2010 WL 2158294, at *2 (S.D.N.Y. May 27, 2010); Polo Ralph Lauren, L.P. v. 3M Trading Co., No. 97 Civ. 4824, 1999 WL 33740332, at *4 (S.D.N.Y. Apr. 19, 1999); Burberry Ltd. v. Designers Imports, Inc., No. 07 Civ. 3997, 2010 U.S. Dist. LEXIS 3605, at *25 (S.D.N.Y. Jan. 19, 2010).

---

2   As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Any objections not specifically addressed in this Order have been considered de novo and rejected.

### (2) Damages

Judge Dolinger correctly concluded, among other things, that the unrebutted evidence, including the opinion of Plaintiffs' valuation expert, James J. Donohue, showed that "Ashley Reed's sales of Fendi-branded goods . . . totaled $3,495,514.00" and that because Defendants' counterfeiting of Fendi's trademarks was willful as a matter of law and because Defendants had not identified any extenuating circumstances that would make an award of treble damages inappropriate, Plaintiffs should be awarded $10,486,542.00 in trebled damages for Defendants' infringement. In light of Defendants' willful counterfeiting, Plaintiffs should also be awarded prejudgment interest on Defendants' profits in the amount of $970,795.20. (Report at 44, 50, 51–54); see 15 U.S.C. § 1117(a); George Basch Co. v. Blue Coral, Inc., 968 F.2d 1532, 1539 (2d Cir. 1992); Phat Fashions LLC v. Blue Max Corp., No. 01 Civ. 3933, 2005 WL 1221838, at *2 (S.D.N.Y. May 2, 2005) (in assessing profits, Plaintiffs need only prove Defendants' sales; Defendants bears the burden of showing their costs); Nat'l Envelope Corp. v. Am. Pad & Paper Co. of Del., Inc., No. 06 Civ. 12988, 2009 WL 5173920, at *7 (S.D.N.Y. Dec. 30, 2009).

### (3) Judge Dolinger's Recommendation for Further Litigation

The Court respectfully rejects Judge Dolinger's recommendation that "summary judgment be denied on [P]laintiffs' claims for counterfeiting prior to 2005 and that those claims proceed to a jury trial." (Report at 3.) Defendants' liability for counterfeiting was established as a matter of law in this Court's February 16, 2010 Decision. See Fendi, 2010 WL 571804, at *15 ("Plaintiffs are entitled to summary judgment on their claims of trademark infringement under 15 U.S.C. § 1114(*l*) and false designation of origin under 15 U.S.C. § 1125(a) against Defendants.").

The Court referred this matter to Judge Dolinger (only) for a determination as to any

6

"issues of fact and/or credibility that bear on Defendants' willfulness," "the appropriateness of an accounting of Defendants' profits and, if warranted, an assessment of Plaintiffs' damages." Fendi, 2010 WL 571804, at *19–20. The February 16, 2010 Decision resolved the question of Defendants' liability for counterfeiting; accordingly, Judge Dolinger's recommendation that further litigation is required is rejected. See 28 U.S.C. § 636(b)(1); Gucci Am., Inc. v. Duty Free Apparel, Ltd., 286 F. Supp. 2d 284, 290 (S.D.N.Y. 2003) (proof of liability is separate from proof of "the infringement in any particular amount, or with any amount of regularity"); General Elec. Co. v. Speicher, 877 F.2d 531, 537 (7th Cir. 1989) ("[T]he amount of harm that the infringer inflicts goes to the amount of damages rather than to his liability for damages.").

### (4) Fees and Costs

Judge Dolinger's recommendation to deny (at this time) Plaintiffs' request for costs and attorney's fees is also respectfully rejected. Having concluded that Defendants' conduct was willful and that the amount of damages is $11,457,337.20 (including interest), the only remaining issue is a determination of an award of costs and attorney's fees pursuant to 15 U.S.C. § 1117(b). See Century 21 Real Estate LLC v. Paramount Home Sales, Inc., No. 06 Civ. 2861, 2001 WL 2403397, at *5–6 (E.D.N.Y. Aug. 20, 2007). Accordingly, the matter is referred to Judge Dolinger for a hearing and recommendation as to Plaintiffs' request for costs and attorney's fees to date.

## IV. Conclusion and Order

For the reasons stated herein, the Report is adopted in part and rejected in part. The matter is referred to Judge Dolinger for a determination of Plaintiffs' costs and attorney's fees.

Dated: October 19, 2010
      New York, New York

                                                           _RMB_
                                      **RICHARD M. BERMAN, U.S.D.J.**