UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
FENDI ADELE S.R.L., FENDI S.R.L., and : 
FENDI NORTH AMERICA, INC.,                      :
                                                                  :
                        Plaintiffs,                          :
                                                                  :
            -against-                                        :
                                                                  :          Case No. 06-CV-0243 (RMB)(MHD)
ASHLEY REED TRADING, INC.,                  :
SCOTT RESSLER and                               :
JAMES RESSLER,                                     :
                                                                  :
                        Defendants.                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OR REARGUMENT OF THE COURT'S OCTOBER 19, 2010 DECISION AND ORDER (DOC. 150)

Plaintiffs respectfully submit this memorandum of law in support of their motion pursuant to Fed R. Civ. P 60 (a) and (b) and Local Civil Rule 6.3 for reconsideration or reargument of the Court's Decision and Order dated October 19, 2010,[1] to the limited extent of correcting the *October 19 Order* to rule concerning the appropriate remedy and the calculation thereof with regard to the $6,499,682 in sales of counterfeit Fendi products that Defendants made during the years 2000 through 2004.

In the *October 19 Order*, the Court confirmed that "Defendants' liability for counterfeiting was established as a matter of law in the Court's February 16, 2010 Decision."[2] Accordingly, the Court rejected the recommendation of Magistrate Judge Dolinger that this case

_____

[1]     (Doc. 150) (the "*October 19 Order*").

[2]     *October 19 Order* at 6 (citing *Fendi Adele S.r.l. v. Ashley Reed Trading, Inc.*, 2010 U.S. Dist. LEXIS 13934 (S.D.N.Y. Feb. 16, 2010)(Doc. 116)).

proceed to trial on Plaintiffs' claims for counterfeiting prior to 2005.[3]  The Court adopted Magistrate Judge Dolinger's recommended holding that there is no triable issue of fact as to Defendants' willfulness and his recommended judgment that Defendants be directed to pay Plaintiffs $10,486,542 in treble damages plus $970,795.20 in prejudgment interest for Defendants' sales of counterfeits in 2005 and 2006.  The Court referred the matter to the Magistrate Judge for a report concerning Plaintiffs' costs and attorneys' fees to date.

Although the Court did not limit its decision to the years 2005-2006 and expressly held that a trial is not necessary as to the years preceding 2005, the recommended monetary award for willful counterfeiting that the Court adopted concerns Defendants' sales of counterfeits during the years 2005 and 2006 only.[4]  The products that the Court has held to be counterfeit, by contrast, were sold by Defendants starting in 2000.  Thus, the Court's reaffirmation that its *February 16 Decision* established Defendants' liability for all years necessitates a determination that Defendants' conduct was willful during the period 2000-2004 as well.,

On the question of Defendants' willfulness, the Court has already noted in its *October 19 Order* that Magistrate Judge Dolinger enumerated ample evidence that Defendants failed "to discern the source of [Fendi] merchandise, despite being on notice of the existence of counterfeit Fendi goods in the marketplace since 2001.[5]  Indeed, the Magistrate Judge's conclusion that there is no triable issue concerning Defendants' willfulness is based upon a searching review of the evidence of defendants' conduct *from 2001 to 2006.*[6]  Without rehashing the plethora of

---

[3]      *Id.* at 4 & 7.

[4]      Report and Recommendation dated August 12, 2010 (Doc. 143)(the "*R&R*") at 32 n.14 & 57.

[5]      *October 19 Order* at 5 (*citing R&R* at 33).

[6]      *Id.* at 30-38.

NEWYORK/134208.6

evidence with which the Court is familiar, we note that the Court cited numerous examples of

Defendants' pre-2005 conduct in the *February 16 Decision*, such as,

- Defendants' preservation throughout the period of non-genuine packing lists and invoices that they claimed were provided by Fendi;

- Defendants' removal in 2003 of a warranty of Ashley Reed's legal right to sell Fendi branded merchandise from their contract with Filene's Basement;

- Defendants' pattern at all times of discarding of crucial financial records after as little as one year;

- Defendants' failure at any time to maintain documentation from their suppliers or records of their purported side-by-side comparisons of their merchandise with genuine Fendi goods; and,

- Defendants' consistent practice of accepting "sanitized" invoices from their suppliers "that did not include the suppliers' names, thus signaling the questionable provenance of the items being provided."[7]

Clearly, Defendants failed at all relevant times "to discern the source of [Fendi] merchandise,

despite being on notice of the existence of counterfeit Fendi goods in the marketplace," and

failed at all times "to maintain records of their receipt and sale of Fendi merchandise."[8]

Plaintiffs respectfully submit that this evidence justifies a finding by the Court that willfulness

has been established as  matter of law for all of defendants' sales, just as it was for their sales in

2005 and 2006.

This Court, moreover, has already adopted Magistrate Judge Dolinger's conclusion that

there are no extenuating circumstances that would make an award of treble damages

inappropriate.[9]  That conclusion and the uncontroverted evidence that Defendants' pre-2005

---

[7]     *See February 16 Decision*, 2010 U.S. Dist. LEXIS 13934 at *46-7 n.11, *57-9.

[8]     *October 19 Order* at 5.

[9]     *Id.* at 6.

counterfeit sales were willful, establish that Plaintiffs are entitled to three times Defendants' profits from those sales.[10]  In the *October 19 Order*, the Court held that Magistrate Judge Dolinger had correctly relied upon the unrebutted presentation of Plaintiffs' expert, James J. Donohue,[11] which showed that Defendants' sales totaled $3,495,514.00 for the years 2005 and 2006.[12]  As the Court noted, in proving profits, Plaintiffs need to prove Defendants' sales only, while Defendants have the burden of showing their costs.[13]  Defendants, who made a practice of discarding their supplier invoices, have no proof of the costs they incurred in connection with their counterfeit sales, and Magistrate Judge Dolinger has already concluded that their objections to Plaintiffs' expert's report are speculative.[14]  This conclusion is just as true for 2000-2004 as it is for 2005 and 2006.  As the Magistrate Judge observed, Defendants "must bear the burden of any uncertainty about the validity of their sales figures attributable to their failure to maintain records of their purchases and sales."[15]

The Declaration of James J. Donohue shows, at Exhibit 3, the sales that Plaintiffs' expert was able to document for each year starting with 2000.  These sales total $9,995,196 for the period 2000-2006.  Of this amount, the Court has already awarded Plaintiffs $3,495,514.00 in respect of the years 2005 and 2006, and directed that this amount be trebled.  Plaintiffs

---

[10]     *See October 19 Order* at 6.

[11]     Declaration of James Donohue (Dkt. 91) (filed under seal).  An unredacted copy of Mr. Donohue's Declaration is submitted for the Court's ready reference together with the courtesy copy of this Memorandum.

[12]     *October 19 Order* at 6.

[13]     *Id.*

[14]     *R&R* at 45-6.

[15]     *R&R* at 46 (*citing U.S.A. Famous Original Ray's Licensing Corp. v. Tisi's Pizza and Pasta, Inc.*, 2009 WL 4351962, *3 (S.D.N.Y. Dec. 1, 2009) *and Chesa Int'l, Ltd. v. Fashion Assocs., Inc.*, 425 F. Supp. 234, 238 (S.D.N.Y. 1977).

respectfully urge the Court to direct that they be awarded disgorgement of the remainder -- $6,499,682 -- and that this amount be trebled as well, so that Plaintiffs are awarded treble damages for 2000-2004 of $19,499,046.  Thus, as the Court's decisions in this case make clear that there is no need for a trial concerning the counterfeit nature of the products sold by Defendants in the years 2000 – 2004, and as the uncontroverted record clearly establishes that Defendants were willful, Plaintiffs respectfully request that the Court grant them treble damages on summary judgment in respect of all of defendants proven sales of three times $9,995,196., *i.e.*, **$29,985,588.00**.

There remains the question of prejudgment interest.  For 2005-2006, the Court adopted Magistrate Judge Dolinger's recommendation that Defendants be required to pay simple interest on their sales for those years (before trebling) at the applicable federal short-term interest rate plus three percentage points for each quarter during the period January 26, 2006 through August 15, 2010.[16]  Applying this rate to the total of Defendants' sales (before trebling) of $9,995,196, yields an interest award of $2,775,925.46.

Accordingly, Plaintiffs respectfully request that the Court clarify its *October 19 Order* by directing that Plaintiffs have judgment against Defendants for three times Defendants' proven sales of counterfeits, plus prejudgment interest, with costs and attorneys' to be the subject of a Report and Recommendation by Magistrate Judge Dolinger.

---

[16]     *October 19 Order* at 6; see *R&R* at 49-54.

5

## CONCLUSION

The Court having held in its *February 16 Decision*, and reaffirmed in its *October 19 Order*, that all of Defendants' sales of Fendi branded goods were counterfeit, Plaintiffs respectfully request, for the reasons set forth above:

(1)     That the Court hold that all of Defendants' sales of Fendi branded goods were willful as a matter of law;

(2)     That the Court hold that Defendants' sales of Fendi branded goods total $9,995,196;

(3)     That the Court direct that Defendants be ordered to pay to Plaintiffs treble damages of $29,988,588; and

(4)     That the Court direct that Defendants be ordered to pay to Plaintiffs prejudgment interest of $2,775,925.46.

New York, New York
October 25, 2010

Respectfully submitted,

SQUIRE, SANDERS & DEMPSEY L.L.P.

By _____
Richard L. Mattiaccio (RM 4764)
Victor Genecin (VG 9733)
Steven Skulnik (SS 7821)
30 Rockefeller Plaza, 23rd floor
New York, NY  10112
(212) 872-9800
*Attorneys for Plaintiffs*
FENDI ADELE S.r.l., FENDI S.r.l., and
FENDI NORTH AMERICA, INC.

6