Gerard F. Dunne
Law Offices of Gerard F. Dunne, P.C.
Attorney For Defendants
156 Fifth Avenue, Suite 1223
New York, New York  10010
Tel.: 212-645-2410
Attorney for Defendants

UNITED STATES DISTRICT COURT                ECF CASE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
FENDI ADELE S.R.L., FENDI S.R.L.    :
and FENDI NORTH AMERICA                      Civil Action No.
                                    :
            Plaintiffs,                      06 CIV 0243 (RMB)(MHD)
                                    :
         vs.
                                    :
ASHLEY REED TRADING, INC.
SCOTT RESSLER                       :
and JAMES RESSLER
                                    :
            Defendants.
-----------------------------------------------------x

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OR REARGUMENT OF THE COURT'S OCTOBER 19, 2010 DECISION AND ORDER

**I.    PRELIMINARY STATEMENT**

Defendants respectfully submit this memorandum in opposition to plaintiffs' motion for reconsideration of the Court's Decision and Order dated October 19, 2010. Plaintiffs' motion is an attempt to extend the findings of fact to facts that cannot be found on summary judgment.

The relevant findings of fact cannot support a finding of willfulness for goods sold prior to 2005. The inferences drawn by this Court based on the actions of Ashley Reed which support willfulness rely on facts relevant to 2005 and later, not to the sales during 2001-2004. If Fendi themselves could not produce a single counterfeit bag from this period, and could not tell the difference between legitimate bags and the alleged

1

counterfeit bags of Ashley Reed for this period, it cannot be expected that Ashley Reed should have been able to distinguish such bags as counterfeit.

A finding of willfulness for the period prior to 2005 is assuredly not appropriate on summary judgment, and if Fendi wishes to seek such a finding, it must be done through trial.

## II.    ARGUMENT

The relevant facts that supported a finding of willfulness on summary judgement for the bags sold after 2005 do not support a similar finding for goods prior to 2005.  The only relevant facts that involve goods sold prior to 2005 are the 2001 cease and desist letter and the 2003 contract with Filene's Basement.  The remaining facts regarding defendants' record keeping and return of goods involve goods sold after 2005.

### A.    The 2001 Cease and Desist Letter

Though, in some cases, the sale of counterfeit goods after receipt of a cease and desist letter can be found willful as a matter of law, such a determination is based on the substantiated merits of the charges in the cease and desist letter.  In such instances the court found the cease and desist letter was factual substantiated, and accordingly, served as probative evidence of wilfulness, however such a determination is a matter of fact, not law.  See e.g. *New Line Cinema Corp. v. Russ Berrie & Co.*, 161 F. Supp. 2d 293, 300-01 (S.D.N.Y. 2001) ("It is a stretch to label defendant's infringement willful where the plaintiff was asked to provide concrete support for its claim of infringement...").

In the current case, as discussed throughout the summary judgment papers, Ashley Reed met with Fendi in 2001, and other than charging counterfeiting, Fendi provided no physical sample or evidence to support its claim, and upon receiving documentary counter-evidence from Ashley Reed, Fendi remained silent for nearly five more years.

(See S. Ressler Decl. ¶ 19-22.). There is nothing to indicate that Ashley Reed believed it was dealing in counterfeit goods during this time.

### B.     The 2003 Contract With Filene's Basement

Though Ashley Reed deleted a portion of their supplier agreement which warrantied that Ashley Reed had the legal right to sell the merchandise, such an action does not show Defendants' willfulness in selling counterfeit goods, in light of the warranties provided in paragraph 1(a) of the same agreement.  Paragraph 1(a) explicitly provides a warranty that "the merchandise ordered below are *genuine and authentic goods* from the owner of the proprietary rights and are *not counterfeit*."  (See Exhibit 9 to the Declaration of Victor Genecin, Docket Entry No. 90-3 (emphasis added); Rule 56.1 Response, ¶ 148.)

By leaving paragraph 1(a) in the agreement Ashley Reed clearly established its intent to warranty, and its belief in 2003, that the Fendi-branded goods Ashley Reed was selling were not counterfeit.

### C.     The Return of Goods After the Initiation of the Current Dispute

The return of goods in late 2005 and early 2006, if anything, speaks only to Ashley Reed's state-of-mind with respect to these goods, purchased and sold in 2005.  Ashley Reed did not return goods after any of the prior allegations of Fendi, such as after the 2001 Cease and Desist letter.

Ashley Reed's continued sale of Fendi-branded products during and after such disputes, aware that Fendi was investigating Ashley Reed's goods, demonstrates Ashley Reed's confidence in the legitimacy of the goods they were selling at that time.

### D.     Ashley Reed's Record Keeping Deficiencies

Records dating back to 2001 are reasonably incomplete.  As a small company with

limited space, records were not kept for an extended period of time and such documentation was often only kept for a year. And numerous documents were lost due to a computer crash in early 2004. (See Rule 56.1 Response ¶ 141.)

In 2001, Ashley Reed was able to challenge the cease and desist letter of Fendi by producing their sourcing documents. Ashley Reed produced substantial records to Fendi in 2001 during the meetings after the 2001 Cease and Desist letter. And Fendi could not produce a counterfeit bag during that time establishing that any of the records or document that Ashley Reed was relying on were unsatisfactory. Accordingly, in that time period, Ashley reed continued to use the same sources, and obtain similar documentation.

Such actions, in light of Fendi's failure to effectively challenge Ashley Reed's 2001 documents cannot support a finding of wilfulness on summary judgment.

### III.   CONCLUSION

Though there was an initial cease and desist letter in 2001 that put Ashley Reed on notice of the potential claims of Fendi, the subsequent meetings between Ashley Reed and Fendi's Attorney, Anthony Cannatella, reasonably led Ashley Reed to believe that they had, in good-faith, addressed the charges made by Fendi. Further, Ashley Reed was led to believe that should Fendi disagree, they would contact Ashley Reed. Yet, after receiving the documentation from Ashley Reed, including reports of over $1.5Million in relevant sales, Fendi, without reason, failed to contact Ashley Reed until the initiation of this suit over four years later, in 2005.

There is nothing in the record to indicate that Ashley Reed willfully sold counterfeit Fendi-branded goods during this period, between 2001 and 2005. Accordingly, a finding of wilfulness regarding this period is not appropriate for summary judgment, and Fendi's request for reconsideration should be denied.

New York, New York  Respectfully submitted,
Dated: November 9, 2010

           /s/ Gerard F. Dunne
Gerard F. Dunne (GD 3323)
Law Office of Gerard F. Dunne, P.C.
156 Fifth Avenue, Suite 1223
New York, NY  10010
212-645-2410; Fax:212-645-2435
*Attorney for Defendants, Ashley Reed Trading, Inc., Scott Ressler and James Ressler*