UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FENDI ADELE S.R.L., FENDI S.R.L., and
FENDI NORTH AMERICA, INC.,

                    Plaintiffs,

    -against-

ASHLEY REED TRADING, INC.,
SCOTT RESSLER, and JAMES RESSLER,

                    Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/18/10

06 Civ. 243 (RMB) (MHD)

**ORDER**

## I. Background

On October 25, 2010, pursuant to Rules 60(a) and 60(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and Local Civil Rule 6.3 of the United States District Courts for the Southern and Eastern Districts of New York, Fendi Adele S.r.l., Fendi S.r.l., and Fendi North America, Inc. (collectively, "Fendi" or "Plaintiffs") moved for reconsideration of the Court's Decision and Order, dated October 19, 2010 ("Order"), adopting in part and rejecting in part the July 30, 2010 report and recommendation ("Report") issued by United States Magistrate Judge Michael H. Dolinger. (See Pls.' Mem. in Supp. of Mot. for Reconsideration, dated Oct. 25, 2010 ("Pls. Mem."), at 1.)

The Order adopted the Report's conclusions that no triable issues of fact exist as to the willfulness of Ashley Reed Trading, Inc., Scott Ressler, and James Ressler (collectively, "Defendants") with respect to Defendants' sale of counterfeit Fendi-branded merchandise, and that "Plaintiffs should be awarded $11,457,337.20 in damages and prejudgment interest (combined)"; it rejected the Report's recommendation to deny summary judgment on Plaintiffs' "claims for counterfeiting prior to 2005." Fendi Adele S.R.L. v. Ashley Reed Trading, Inc., No.

06 Civ. 243, 2010 WL 4118104, at *2 (S.D.N.Y. Oct. 19, 2010).

Plaintiffs argue, among other things, that (1) "willfulness has been established as a matter of law for all of [D]efendants' sales" and (2) the Court should "direct that [Plaintiffs] be awarded disgorgement of [additional sales by Defendants totaling] $6,499,682—and that this amount be trebled as well." (Pls. Mem. at 2, 5.) Defendants counter, among other things, that (1) "[t]here is nothing in the record to indicate that [Defendants] willfully sold counterfeit Fendi-branded goods . . . between 2001 and 2005." (Defs.' Opp'n to Pls.' Mot. for Reconsideration, dated Nov. 9, 2010, at 4.)

**For the reasons stated below, Plaintiffs' motion for reconsideration is denied.**

## II.     Legal Standard

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Cartier v. Aaron Faber, Inc., 396 F. Supp. 2d 356, 363 (S.D.N.Y. 2005) (internal quotation marks omitted). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusions reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see Islam v. Fischer, No. 07 Civ. 3225, 2008 U.S. Dist. LEXIS 19796, at *2–3 (S.D.N.Y. Mar. 6, 2008).

## III.    Analysis

In reviewing Plaintiffs' motion, the Court has, among other things, considered its February 16, 2010 Decision and Order granting summary judgment, the Report, Plaintiffs' objections to the Report, dated September 29, 2010, Defendants' objections to the Report, dated September 29, 2010, and applicable legal authorities. See Fendi, 2010 WL 4118104, at *1–4.

Plaintiffs repeat arguments made previously in these proceedings, but point to no "controlling decisions or data that the court overlooked." Shrader, 70 F.3d at 257. The Court adopted Judge Dolinger's recommendations (i) that Defendants are liable for damages in the amount of Defendants' sales (which Judge Dolinger correctly calculated to be $3,495,514.00), and (ii) that those damages should be trebled because Defendants were willful as a matter of law. Id. at *5–6; see Fendi Adele S.R.L. v. Ashley Reed Trading, Inc., No. 06 Civ. 243, 2010 WL 571804, at *13 (S.D.N.Y. Feb. 16, 2010).

Accordingly, Plaintiffs' motion for reconsideration is denied. See Islam, 2008 U.S. Dist. LEXIS 19796, at *3 ("Motions for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided.") (internal quotation marks omitted).

## IV.   Conclusion and Order

For the reasons stated herein, Plaintiffs' motion for reconsideration is denied.

Dated: November 18, 2010
New York, New York

*RMB*

**RICHARD M. BERMAN, U.S.D.J.**

3