UNITED STATES DISTRICT COURT  ECF CASE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
FENDI ADELE S.R.L., FENDI S.R.L.   :
and FENDI NORTH AMERICA              Civil Action No.
                                   :
        Plaintiffs,                  06 CIV 0243 (RMB)(MHD)
                                   :
        vs.
                                   :
ASHLEY REED TRADING, INC.
SCOTT RESSLER                      :
and JAMES RESSLER
                                   :
        Defendants.
------------------------------------------------------x


**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFFS' MEMORANDUM OF LAW IN FURTHERANCE OF THE REPORT AND RECOMMENDATION FOR WHICH THIS CASE WAS REFERRED BY THE DISTRICT COURT ON OCTOBER 19, 2010**


Gerard F. Dunne
Law Offices of Gerard F. Dunne, P.C.
156 Fifth Avenue, Suite 1223
New York, New York  10010
Tel.: 212-645-2410
Jerry.dunne@dunnelaw.net
*Attorney for Defendants*

**I.  PRELIMINARY STATEMENT**

The Defendants, Ashley Reed Trading, Inc., Scott Ressler and James Ressler (collectively "Ashley Reed"), in the above-captioned matter respond to the Memorandum of Law in Furtherance of the Report and Recommendation for Which this Case Was Referred By The District Court on October 19, 2010 of Plaintiffs, Fendi Adele S.r.l., Fendi S.r.l., and Fendi North America, Inc. (collectively "Fendi"), as set forth below.

**II.  ARGUMENT**

    **A.  Liability and Damages in this Case Have Already Been Decided, and Additional Damages Are Not Currently Before the Magistrate Judge**

Fendi devotes the majority of its memorandum of law on a request for additional remedies and an increased damage award, issues which have already been resolved and are not the subject of this current referral.  As stated quite clearly in the October 19, 2010 Decision and Order of Judge Berman (Docket Entry No. 150, hereinafter the "*October 19 Order*"), "the only remaining issue is a determination of costs and attorney's fees" and this matter was referred solely "for a hearing and recommendation as to Plaintiff's request for costs and attorney's fees to date."  *October 19 Order*, p. 7-8.

Fendi also requests additional pre-judgment interest based on the additional proposed damages. However, once again, pre-judgment interest has already been decided in the *October 19 Order*, and is not an issue currently before the Magistrate.  *Id.* at 6.

Fendi argues that since the parties and this Court "agree that Judge Berman clearly expects this Court to recommend a Judgment that, if adopted, will conclude the proceedings before the district court," these issues must now be re-opened.  The *October 19 Order* concluded this case insofar as liability and damages were concerned, and left only attorney's fees and costs as the remaining issues.  A determination of attorney's fees

-1-

and cost will "conclude the proceedings before the district court."

Fendi has been granted substantial remedies, including a permanent injunction and over $10 million in damages, and Judge Berman has clearly made the decision that such remedies adequately address the infringement that was found by the District Court. Fendi may not be satisfied with the result that Judge Berman reached, but they have already had their opportunity to contest that result, and the request was denied.

As Fendi points out in its memorandum (p. 4), Fendi had already asked Judge Berman to reconsider his ruling with regard to additional remedies and damages (See Docket Entry No. 152), and that request was denied by Judge Berman by the order dated November 18, 2010 (See Docket Entry No. 156). Fendi's remaining option to contest such a finding is an appeal. Fendi is now seeking a third bite out of this apple, and asking this Court to decide matters beyond the referral, and to reargue their already denied request for reconsideration.

### B. Fendi Has Not Properly Supported the Amount of Fees Requested

Fendi is required to provide sufficient evidence to establish a "lodestar" figure to determine the proper hourly rates and total hours expended, and the "lodestar" figure should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984). It is well-established that the "prevailing community" the district court should consider to determine the "lodestar" figure is "the district in which the court sits." *Polk v. New York State Dep't of Correctional Servs*., 722 F.2d 23, 25 (2d Cir.1983). However, the statements of Fendi only provide that "the hourly rates are the same as, or lower than" the rates that they normally charge their clients, however such a statement is irrelevant, as the "lodestar" figure is to be based on the customary rates of the community, not the

plaintiffs' counsel's customary rates. Fendi has submitted no information regarding the customary rates "in the community" for the services they provided. *Blum,* 465 U.S. at 896 n. 11. See the Declarations of Richard L. Mattiaccio, Docket Entry Nos. 134 (¶ 6) and 159 (¶ 7) (hereinafter, respectively the "*First Mattiaccio Declaration*" and "*Second Mattiaccio Declaration,*" and collectively the "*Mattiaccio Declaration*s").

Further, in reviewing a fee application, the Court examines the particular hours expended by counsel, and if the Court concludes that any expenditure of time was unreasonable, it should exclude these hours from the lodestar calculation. See *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939-1940 (1983); *Lunday v. City of Albany*, 42 F.3d 131, 133 (2d Cir.1994); *DiFilippo v. Morizio*, 759 F.2d 231, 235 (2d Cir.1985). Or, to simplify matters, this Court may make an "across-the-board" cut if the billing report contains numerous unreasonable or excessive charges. See *Kirsch v. Fleet St.*, Ltd., 148 F.3d 149, 172-73 (2d Cir. 1998)*; Luciano v. Olsten Corp*., 109 F.3d 111, 117 (2d Cir. 1997) ("[A] district court can exclude excessive and unreasonable hours...by making an across-the-board reduction in the amount of hours."). This case was part of a series of cases that were consolidated for discovery and Ashley Reed was not served with an underacted copy of the billing entries, due to alleged privileges which makes it impossible for Ashley Reed to know the reasonableness of these entries.

Inexplicably, numerous redacted items contain statement such as "Tel conf. with [redacted]," "review documents regarding [redacted]," or "legal research of [redacted] without stating who or what the slips pertained to. Ashley Reed has no idea what privilege would require that Fendi redact who a communication was with, the subject of a document that was reviewed, or the subject of legal research that was done. The subject matter of legal research is certainly not protected, and the parties to a communication and the subject of those communications are not protected information either. Even for

-3-

privileged communications, both the Federal and Local rules require the disclosure of this information. *Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45(d)(2)(A); SDNY Local Civil R 26.2*. Without such information, particularly in light of the six cases which were consolidated, numerous redacted entries cannot be assessed by Ashley Reed in order to determine their applicability to the Ashley Reed case only, or their reasonableness in this litigation. For example, See the *First Mattiaccio Declaration*, Ex. 1, RLM entries dated 06/08/06, 06/09/06, 06/12/06, and 06/14/06. This is a very small sample of such entries, showing their frequency over a four-day period, and they are numerous throughout the entire report. See generally the *Mattiaccio Declaration*s.

Further, as mentioned above, this case was consolidated for discovery and numerous entries appear to be consolidated discovery costs, and Fendi has not provided any information to support charging these fees fully to one Defendant, Ashley Reed. In particular we note numerous slips regarding discovery conferences with the court, and the preparation of testimony and depositions (and their transcripts) used by Fendi in all of the consolidated cases, such as the depositions, conferences, and documents prepared for Fendi's witnesses, Leonardo Minerva, Marta Fontanesi and Alberto Fabrri. For example, See the *First Mattiaccio Declaration*, Ex. 1. The "ASC" entries dated on 4/11/06, 05/18/06, 06/14/06, 9/18/06, 9/21/06, 10/03/06, and nearly all of the early 2008 entries in Ex. 2 do not seem to be justifiable as solely expenditures to Ashley Reed, but involved the overall consolidated discovery of these cases and the development of evidence to be used in all of the consolidated cases. Again, this is also a very small sample of such entries, and such entries are numerous throughout the entire report. See generally the *Mattiaccio Declaration*s.

Ashley Reed requests that any entries for discovery and evidence development that do not sufficiently explain why such an entry is the burden of Ashley Reed alone should

be stricken from the award.  In the very least, since the discovery involved six total consolidated cases, any such entries should be reduced to one-sixth their fair value, representing Ashely Reed's respective share.

Lastly, Fendi had three lead attorneys working on this case often doing duplicative work, and such a choice by Plaintiff to gain an advantage by having multiple attorneys was a choice made by them, and Ashley Reed should not have to pay for this voluntary added cost.  Particularly troubling are the numerous internal conferences between counsel, and the choice of Fendi to have all three attorneys travel and attend depositions, court proceedings and judicial conferences.  See *Luciano*, 109 F. 3d at 115-117 (2d.Cir. 1997); citing *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C.Cir.1980) ("where three attorneys are present at a hearing when one would suffice, compensation should be denied for the excess time").  For instance, for just one conference with the Court on September 15, 2010, Fendi billed over $6,500 for all three attorneys to attend.  (See *Second Mattiaccio Declaration*, Ex. 1).

As the Second Circuit stated in *Luciano*, it is "within the purview of the court's discretion to determine whether or not the actual time expended by an additional attorney was reasonable." Citing *Stryker Corp. v. Intermedics Orthopedics, Inc.*, 898 F.Supp. 116, 127 (E.D.N.Y.1995), aff'd, 96 F.3d 1409 (Fed. Cir.1996); *Mendoza v. City of Rome*, 162 F.R.D. 260, 264 (N.D.N.Y.1995) (adjusting hours expended on the action because it was unnecessary for two attorneys to attend examinations before trial and the trial).

Ashley Reed requests that any time entries pertaining to internal conferences among Fendi's multiple attorneys be stricken, and that for all judicial proceedings, conferences and depositions, entries for only one attorney be considered.

Fendi also had to take a second deposition of their key witness Leonardo Minerva, because he chose to leave Fendi, and they needed to re-do his deposition to preserve his

testimony for trial. Fendi has provided no justification for why Ashley Reed should bare this cost, not only for the issues already stated (Minerva was used as evidence in all of the consolidated cases, and all three attorneys attended his deposition), but also because the need for a second deposition was solely because of the actions and choices of Minerva, Fendi, and their counsel. Ashely Reed should not have to bare this burden. Particularly, we note that in January and February of 2008, Fendi's attorneys had nearly $20,000 in entries pertaining to this deposition alone. See the *First Mattiaccio Declaration*, Ex. 2. Accordingly, Ashley Reed requests that any entries regarding Minerva's 2008 deposition should be stricken from the award.

Alternatively, in light of the numerous unreasonable entries, instead of striking specific items, Ashley Reed requests a reasonable "across-the-board" reduction to Fendi's request. See *Kirsch,* 148 F.3d at 173.

**III    Conclusion**

The liability and damages in this case have been decided already, and Fendi's request for additional damages is not properly before this court. Accordingly, any such arguments made by Fendi are irrelevant to the matter for which this case was referred, and any request for additional damages must be denied at this time.

Fendi has not provided evidence to support the reasonableness fo their fees, have included numerous billing entries that cannot be attributed to Ashley Reed alone, and have expended substantial additional costs in their choice to have three lead attorneys litigate this case. Consequently, substantial portions of the requested fee amount are not necessary and are not reasonable fees that Ashley Reed should be forced to cover, and any award granted to Fendi should be reduced accordingly, either by striking individual entries, or as an across-the-board reduction.

| | |
|---|---|
| New York, New York<br>Dated: January 21, 2011 | Respectfully Submitted,<br><br><u>/s/   Gerard F. Dunne</u><br>Gerard F. Dunne<br>Law Offices of Gerard F. Dunne, P.C.<br>156 Fifth Avenue, Suite 1223<br>New York, New York  10010<br>Tel.: 212-645-2410<br>Jerry.dunne@dunnelaw.net<br>*Attorney for Defendants* |