UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------- X
FENDI ADELE S.R.L., FENDI S.R.L., and  :
FENDI NORTH AMERICA, INC.,             :
                                       :
       Plaintiffs,                    :
                                       :
  -against-                           :
                                       :  Case No. 06-CV-0243 (RMB)(MHD)
ASHLEY REED TRADING, INC.,             :
SCOTT RESSLER and                      :
JAMES RESSLER,                         :
                                       :
       Defendants.
----------------------------------------- X

**PLAINTIFFS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR POSITIONS
CONCERNING THE REPORT AND RECOMMENDATION
FOR WHICH THIS CASE WAS REFERRED BY THE DISTRICT COURT
ON OCTOBER 19, 2010 (DOC. 150)**

SQUIRE, SANDERS & DEMPSEY (US) LLP
30 Rockefeller Plaza, 23rd floor
New York, NY  10112
(212) 872-9800
Attorneys for Plaintiffs
FENDI ADELE S.r.l., FENDI S.r.l., and FENDI
NORTH AMERICA, INC.

**Preliminary Statement**

Plaintiffs respectfully submit this reply memorandum of law in response to Defendants' Memorandum filed January 21, 2011 (Doc. 161) and in further support of: (1) the Report and Recommendation for which this case was referred to Magistrate Judge Dolinger by Judge Berman in the District Court's October 19, 2010 Decision and Order,[1] and, (2) inclusion therein of a recommendation concerning appropriate remedies and the calculation thereof with regard to the $6,499,682 in sales of counterfeit Fendi products that defendants made during 2000 - 2004.[2]

**Argument**

**POINT I**

**THE COURT HAS NOT YET DECIDED HOW TO TREAT DEFENDANTS' SALES OF COUNTERFEITS THAT OCCURRED PRIOR TO 2005**

In the conference held before this Court on December 2, 2010, the parties and the Court all agreed that there has been no determination concerning the willfulness *vel non.* of defendants' sales of Fendi branded goods.[3] The parties and this Court further agreed that it makes little sense for this question – and, therefore, the question of plaintiffs' entitlement to a remedy for millions of dollars in sales of counterfeits – to be left open when the District Court enters judgment in the case.[4] Accordingly, the parties agreed to submit briefing concerning the question whether the willfulness of defendants' sales is established as a matter of law for sales that occurred before

---

[1] *Fendi Adele S.r.l. v. Ashley Reed Trading, Inc.*, 2010 U.S. Dist. LEXIS 111114 (S.D.N.Y. Oct. 19, 2010)(Doc. 150)( the "*October 19 Order*").

[2] *Transcript of Proceedings*, December 2, 2010 ("*December 2 Tr.*") (Doc. 158) at 6.

[3] *Id*. at 9.

[4] *Id*. at 8 (THE COURT: As I say, it doesn't make sense. I think with an issue that really hasn't been addressed squarely by anyone, that we just watch the case disappear down the tracks in the direction of the Second Circuit.)

2005.  Plaintiff did so,[5] enumerating the substantial, and uncontroverted, evidence in this record that defendants were clearly on inquiry notice concerning the genuineness of the Fendi branded products they purchased and resold, but failed to inquire, and thus were willfully blind, within the meaning of the Lanham Act, to the possibility that they were infringing plaintiffs' trademarks.[6]  Defendants' submission,[7] however, contains no substantive presentation on this point.  They did brief their position fully when the question of willfulness was first before this Court,[8] on referral from the district court pursuant to its decision of February 16, 2010.[9]  This Court having "express[ed] no view regarding the willfulness of . . . pre-2005 infringements" in its Report and Recommendation filed pursuant to that referral,[10] plaintiffs respectfully request that the Court now recommend:  (1) that the issue be resolved with a holding that defendants' pre-2005 sales were willful as a matter of law; and (2) that plaintiffs be awarded treble damages and prejudgment interest in connection with those sales.

## POINT II

**PLAINTIFFS HAVE ESTABLISHED THEIR ENTITLEMENT TO ATTORNEYS' FEES**

In opposition to plaintiffs' application for attorneys' fees, defendants argue that plaintiffs have "submitted no information regarding the customary rates 'in the community' for the

---

[5]     Plaintiffs' Memorandum of Law in Furtherance of the Report and Recommendation for which this Case was Referred by the District Court on October 19, 2010 (Doc. 150).

[6]     *Fendi Adele S.r.l. v. Ashley Reed Trading, Inc.*, 2010 U.S. Dist. LEXIS  111057 (S.D.N.Y. Aug. 12, 2010) (Doc. 143) (the "*August 12 R&R*") at 32-33.

[7]     (Doc. 161).

[8]     *See* Defendants' Memorandum of Law (Doc. 135).

[9]     *Fendi Adele S.r.l. v. Ashley Reed Trading, Inc.*, 2010 U.S. Dis. LEXIS 13934 at*59-60 (S.D.N.Y. Feb. 16, 2010)(Doc. 116).

[10]    *August 12 R&R*  at 32 fn. 14.

2

services they provided."[11]  Customary rates for experienced counsel in matters of this type are well-established by decisions in this District.[12]  This Court has previously held plaintiffs' counsel's rates to be:

> commensurate with, and perhaps even lower than, the rates charged by New York attorneys with comparable experience that have been approved in other intellectual property cases within the Southern District."[13]

Defendants further argue, without any basis, that charges for discovery consolidated with other defendants has been fully charged to them.  This is not true.  Discovery in the consolidated matters that was related to all of the cases was divided among the defendants by plaintiffs' counsel in their time recordation, while work related to a specific defendant was recorded to that defendant's matter.  The charges for the Minerva deposition attributed to this matter, for example, are only those that concern these defendants, and not any others.  Defendants in this case, we note, supplied counterfeits to all three retailers – Burlington Coat Factory Warehouse

---

[11]   Defendants' Memorandum (Doc. 161) at 3.

[12]   Plaintiffs seek $915,374.25 in fees for this matter for a total of 2514.5 hours of work.  This is equivalent to a blended rate for all timekeepers of $364.00.  *Compare, e.g.*, *Therapy Prods., Inc. v. Bissoon*, 2010 WL 2404317, *5 (S.D.N.Y. Mar. 31, 2010) (approving hourly rates of $490.00 to $580.00 for partners; $295.00 to $430.00 for associates, and $170.00 to $200.00 for paralegals); *Union of Orthodox Jewish Congregations of Am. v. Royal Food Distrib. LLC*, 665 F. Supp. 2d 434, 437 (S.D.N.Y. 2009) (approving partner and associate rates of $735.00 and $445.00, respectively); *GAKM Res. LLC*, 2009 WL 2150891, at *8 (finding hourly rates of $600.00 to $650.00 reasonable for partners specializing in intellectual-property litigation); *Diplomatic Man, Inc. v. Nike, Inc.*, 2009 WL 935674, *5-6 (S.D.N.Y. Apr. 7, 2009) (finding hourly rates of $650.00 for a partner and $200.00 for a paralegal in a New York firm to be reasonable); *Lucky Brand Dungarees, Inc. v. Ally Apparel Res.*, LLC, 2009 WL 466136, *6 (S.D.N.Y. Feb. 25, 2009) (approving hourly rates between $205.00 and $235.00 for paralegal work); *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 04 Civ. 5316, 2007 U.S. Dist. LEXIS 31632 at *13 (S.D.N.Y. April 24, 2007)( awarding up to $700 per hour)(Dolinger, M.J.); *Crown Awards, Inc. v. Discount Trophy & Co., Inc.*, 564 F. Supp. 2d 290, 297-98 (S.D.N.Y. 2008) (awarding up to $520 per hour).

[13]   *Fendi et al. v. Burlington Coat Factory Warehouse Corp.*, 06 Civ. 0085 (LBS)(MHD), *Report & Recommendation filed August 9, 2010* (Doc. 355) at 49-50.

3

Corporation, Filene's Basement and Annie Sez – whose cases were consolidated with this one for discovery.

Defendants complain, moreover, that "all three" of plaintiffs' senior attorneys attended a court conference on September 15. 2010.  They do not mention that this was a court-ordered settlement conference, attended by two lawyers from defendants' law firm, three in-house lawyers from defendants' insurance carrier, and outside counsel for defendants' insurance carrier as well.

Finally, defendants urge that plaintiffs not be reimbursed for charges for time spent by their attorneys in internal conferences.  Lawyers work on complex matters in teams, and must consult with each other, especially where, as here, they were responsible for multiple cases that presented both independent and overlapping issues. The defendants in these consolidated cases clearly had the benefit of joint strategies that their counsel developed by consultation with each other.  These defendants should not now be heard to complain that plaintiffs' counsel also consulted each other.

## CONCLUSION

Plaintiffs respectfully request:

(1)     That the Court report and recommend that the district court supplement its holdings herein by holding that defendants' sales of counterfeit Fendi branded handbags and small leather goods during the years 2000 through 2004 constituted willful counterfeiting;

(2)     That the Court report and recommend that defendants be ordered to disgorge to plaintiffs $9,995,196 in sales of Fendi branded handbags and small leather goods that they made during the years 2000-2006 and that this amount be trebled, for a total treble-damages award of $29,985,588.00;

4

5

(3) That the Court report and recommend that defendants be ordered to pay to plaintiffs prejudgment interest, to be calculated as simple interest on defendants' sales (before trebling) at the applicable federal short-term interest rate plus three percentage points for each quarter commencing January 26, 2006;

(4) That the Court report and recommend that defendants be ordered to pay to plaintiffs the reasonable attorneys' fees incurred by plaintiffs in this matter, i.e., $915,374.25, plus the costs incurred by plaintiffs of $88,657.35;

New York, New York  
January 28, 2011

Respectfully submitted,

SQUIRE, SANDERS & DEMPSEY (US) LLP

By /s/ Victor Genecin  
Richard L. Mattiaccio (RM 4764)  
Victor Genecin (VG 9733)  
Steven Skulnik (SS 7821)  
30 Rockefeller Plaza, 23rd floor  
New York, NY  10112  
(212) 872-9800  
*Attorneys for Plaintiffs*  
FENDI ADELE S.r.l., FENDI S.r.l., and  
FENDI NORTH AMERICA, INC.

NEWYORK/136655.1  
100743.00005

5