UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FENDI ADELE S.R.L., FENDI S.R.L.,          :
and FENDI NORTH AMERICA                     :
                                            :
                       Plaintiffs,          :    06 Civ. 0243 (RMB) (MHD)
          -against-                         :
                                            :    **DECISION & ORDER**
ASHLEY REED TRADING, INC.,                  :
SCOTT RESSLER, and JAMES RESSLER            :
                                            :
                       Defendants.          :
------------------------------------------------------------X

**I.     Background**

On October 19, 2010, the Court adopted a report and recommendation ("First Report") of United States Magistrate Judge Michael H. Dolinger, dated August 12, 2010, which concluded that no triable issue of fact existed with respect to the willfulness of trademark infringement by Ashley Reed Trading, Inc., Scott Ressler, and James Ressler (collectively, "Defendants"), and also concluded that Fendi Adele S.r.l., Fendi S.r.l., and Fendi North America, Inc. (collectively, "Plaintiffs") should be awarded $11,457,337.20 in damages and prejudgment interest (combined).  (See Decision & Order, dated Oct. 19, 2010 ("Oct. 19, 2010 Decision"), at 4.)[1]  The Court referred the matter to Judge Dolinger "for a determination of Plaintiffs' costs and attorney's fees."  (Oct. 19, 2010 Decision at 8.)

On May 12, 2011, Judge Dolinger issued a second report and recommendation ("Second Report") recommending, among other things, that Plaintiffs are entitled to attorneys' fees in the amount of $778,068.11 and costs in the amount of $88,657.35.  (See Second Report at 9, 24.)

---

[1]     The Court respectfully rejected the First Report insofar as it recommended that "summary judgment be denied on [P]laintiffs' claims for counterfeiting prior to 2005 and that those claims proceed to a jury trial."  (Oct. 19, 2010 Decision at 4.)  The Court held that its "February 16, 2010 Decision resolved the question of Defendants' liability for counterfeiting" and, accordingly, rejected "Judge Dolinger's recommendation that further litigation [was] required."  (Oct. 19, 2010 Decision at 7.)

Judge Dolinger also recommended "that [P]laintiffs be awarded an additional $19,368,501.00, representing trebled profits from [D]efendants' infringement [for the period] 2001–2004 . . . and be awarded prejudgment interest in the amount of $3,024,705.72." (Second Report at 29–30.)

Neither party has objected to Judge Dolinger's recommendation that Plaintiffs be awarded their attorneys' fees and costs in the total amount of $866,725.46.

On May 26, 2011, Defendants objected to the Second Report's recommendation that additional damages and prejudgment interest, totaling $21,422,471.52, be awarded to Plaintiffs for Defendants' infringement. Defendants (persuasively) contend that that determination "was not within the scope of the referral." (See Defs. Objections, dated May 26, 2011, at 3.) On June 8, 2011, Plaintiffs filed a response to Defendants' objection, requesting that the Court adopt the Second Report which, they say, "properly computes damages for the entire damages period." (Pls. Response, dated June 8, 2011, at 7.)

**For the reasons stated below, the Second Report is adopted to the extent that it awards Plaintiffs attorneys' fees in the amount of $778,068.11 and costs in the amount of $88,657.35. The Court respectfully rejects the Second Report in all other respects, including the recommendation that Plaintiffs receive "a total award of $32,879,808.72 in damages and prejudgment interest." (Second Report at 29–30.)**

II.     Legal Standard

The Court may adopt any portions of a magistrate judge's report to which no objections have been made and which are neither clearly erroneous nor contrary to the law. See Thomas v. Arn, 474 U.S. 140, 150–52 (1985). The Court "shall make a de novo determination of those portions of a [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or

2

modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); Chanel, Inc. v. Louis, No. 06 Civ. 5924, 2009 WL 4639674, at *3 (E.D.N.Y. Dec. 7, 2009).

### III.  Analysis

The facts as set forth in the Second Report are incorporated herein by reference unless otherwise noted.

**Attorneys' Fees and Costs**

Neither party has objected to Judge Dolinger's recommendation for attorneys' fees and costs, and the Court, which has conducted a review of the Second Report and applicable legal authorities, finds that that portion of the Second Report is not clearly erroneous and, in fact, is in conformity with the law.  See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

Judge Dolinger concluded that the rates charged by Plaintiffs' attorneys were "commensurate with, and perhaps even lower than, the rates charged by attorneys with comparable experience performing comparable work in this district."  (Second Report at 17–18); see Therapy Prods., Inc. v. Bissoon, No. 07 Civ. 8696, 2010 WL 2404317, at *5 (S.D.N.Y. Mar. 31, 2010).  Judge Dolinger also concluded that "[P]laintiffs' request for attorneys' fees [should] be reduced by fifteen percent to account for . . . claimed hours that are accompanied by insufficient descriptions."  (Second Report at 23); see Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994).

Judge Dolinger also determined that Plaintiffs "have supported their application [for costs] with invoices documenting their expenses," which appear to be reasonable.  (Second Report at 24); see 15 U.S.C. § 1117(a); Malletier v. Carducci Leather Fashions, Inc., 648 F. Supp. 2d 501, 505 (S.D.N.Y. 2009).

3

**Additional Damages**

With respect to recommendations objected to, the Court has conducted a <u>de novo</u> review of, among other things, the record herein, the Court's Decision & Order, dated February 16, 2010 ("Feb. 16, 2010 Decision"), the First Report, the October 19, 2010 Decision, the Second Report, Defendants' Objection, Plaintiffs' Response, and applicable legal authorities.

The Court respectfully rejects Judge Dolinger's recommendation that additional damages and prejudgment interest should be awarded to Plaintiffs in the amount of $21,422,471.52. (Second Report at 29.)  The Court has previously awarded Plaintiffs $11,457,337.20 in (treble) damages and prejudgment interest with respect to all counterfeit goods at issue.  (Feb. 16, 2010 Decision at *13, First Report at 2, Oct. 19, 2010 Decision at 4); <u>see</u> <u>Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.</u>, 689 F. Supp. 2d 585 (S.D.N.Y. 2010).

The referral, dated October 19, 2010, to Judge Dolinger was "for a determination of Plaintiffs' costs and attorney's fees," and his suggestion "that [P]laintiffs be awarded an additional [$21,422,471.52,] representing trebled profits . . . and prejudgment interest" exceeds the scope of the referral.  (Oct. 19, 2010 Decision at 8); <u>see</u> <u>Katz v. Molic</u>, 128 F.R.D. 35, 39 (S.D.N.Y. 1989); <u>Winthrop House Ass'n, Inc. v. Brookside Elm Ltd. Partners</u>, 451 F. Supp. 2d 336, 348 (D. Conn. 2005) ("Because issues [decided by the magistrate judge] were beyond the scope of the referral, [the district court] decline[d] to adopt the recommendations as to these issues in their entirety.").

**IV.     Conclusion and Order**

For the reasons stated herein, the Second Report [#163] is adopted in part and rejected in part.  The Clerk of Court is respectfully requested to enter judgment in favor of Plaintiffs in the

4

total amount of $866,725.46 ($778,068.11 in attorneys' fees and $88,657.35 in costs), and to close this case.

Dated: New York, New York
      June 30, 2011

                                                              *RMB*
                                        **RICHARD M. BERMAN, U.S.D.J.**